## MOSES NORTON vs. WARREN PRESTON.

An agreement for the conveyance of land, not reduced to writing, although performed in part by each party, cannot be enforced by *an action at law* for the recovery of damages.

This Court cannot exercise the jurisdiction in equity given by the statutes, unless the case is before them by equity process.

THE action was *assumpsit*. In the first count it was alleged, that in consideration that the plaintiff conveyed to the defendant, *April* 18, 1834, certain real estate in the County of *Penobscot*, valued by the parties at $5648, the defendant conveyed to him certain real estate in the County of *Somerset*, valued by them at $5200, and at the same time agreed with the plaintiff and one *A. H. Norton*, in consideration of the balance of $448, remaining unpaid in the exchange, to convey to them a lot and store valued by the parties at $2500, on condition that *A. H. Norton* should convey to the defendant certain other real estate, valued by the parties at $2052, which had been mutually agreed by the parties and *A. H. Norton* should be done, the lot and store to be owned by the plaintiff and *A. H. Norton* in proportion to the sum paid by each; that the plaintiff and *A. H. Norton*, had in all things conformed to the agreement; that *A. H. Norton* had offered to convey to the defendant the real estate agreed to be conveyed by him, and requested a conveyance of the lot and store; and that the defendant had refused to receive the deed and to pay the plaintiff the sum of $448. There was also a count for money had and received.

The plaintiff offered to prove the facts stated in the declaration and also that the defendant subsequently to the conveyances declared, that the lot and store were the property of the plaintiff, and requested the assessors not to tax him but the plaintiff therefor.

*Weston C. J.* presiding at the trial, intending to reserve the question, declined to admit the evidence on the ground, that the party offering it was estopped by his deed to the defendant in which he had acknowledged payment. The plaintiff became nonsuit by consent, and if in the opinion of the Court the evidence was improperly excluded, the nonsuit was to be taken off and the case stand for trial.

*F. Allen* and *Tenney*, argued for the plaintiff, and *Boutelle* and *Wells*, for the defendant.

For the plaintiff it was contended :

1. The grantor is not estopped, by the acknowledgement in a deed of the payment of the consideration money, from showing, that the whole consideration was not in fact paid. The insertion of the consideration in a deed is not necessary to give it validity. 14 *Johns. R.* 210; 2 *Black. Com. chap.* 20. An additional consideration may be proved. 11 *Wheat.* 199; *Tyler* v. *Carleton,* 7 *Greenl.* 175. As a receipt for money, it is open to explanation. 1 *Johns. Cases,* 145; 2 *Johns. R.* 379; 12 *Johns. R.* 530; 5 *Johns. Rep.* 72; 3 *Johns. R.* 319; 2 *T. R.* 366; 3 *Stark. Ev.* 1272; 14 *Johns. R.* 212; *Lyman* v. *Clark,* 9 *Mass. R.* 235; *Adams* v. *Gould,* 8 *Greenl.* 438; *Smith* v. *Tilton,* 1 *Fairf.* 350. In an action for damages, for breach of covenant of seizin, the consideration money paid, not that stated in the deed, is the amount to be recovered. *Marston* v. *Hobbs,* 2 *Mass. R.* 433; *Bickford* v. *Page, ib.* 455; *Nichols* v. *Walter,* 8 *Mass. R.* 243; *Harris* v. *Newell, ib.* 262. In *England,* and in several of the States, this very question has been directly decided in our favor. 3 *T. R.* 474; 14 *Johns. R.* 210; 20 *Johns. R.* 338; 4 *Johns.* 23; 9 *Cowen,* 266; 12 *Serg. & R.* 231; 8 *Conn. R.* 304; 4 *N. H. Rep.* 229; *ib.* 397; *Wilkinson* v. *Scott,* 17 *Mass. R.* 249. In this State, the decision in *Steele* v. *Adams,* 1 *Greenl.* 1, has been much shaken in *Schillinger* v. *M'Cann,* 6 *Greenl.* 370; and *Tyler* v. *Carpenter,* 7 *Greenl.* 177.

2. The statute of frauds does not apply to cases of this description, where there has been a part performance by each party. *Goodwin* v *Gilbert,* 9 *Mass. Rep.* 510; *Pomeroy* v. *Winship,* 12 *Mass. R.* 514; *Davenport* v. *Mason,* 15 *Mass. R.* 85.

For the defendant, it was contended :

1. That the plaintiff was estopped from claiming by parol evidence to recover the consideration of a deed of lands, where the deed showed, that payment had been made. *Steele* v. *Adams,* 1 *Greenl.* 1; *Emery* v. *Chase,* 5 *Greenl.* 232; *Schillinger* v. *Mc-Cann,* 6 *Greenl.* 370; *Griswold* v. *Messinger,* 6 *Pick.* 517;

*Pierson* v. *Hooker*, 3 *Johns. R.* 68 ; 3 *Stark. Ev.* 1274, and cases cited ; 1 *Stark. Ev.* 301 ; *Linscott* v. *Fernald*, 5 *Greenl.* 503.

2. The case clearly comes within the statute of frauds. It is a mere agreement to exchange lands. *Sherburne* v. *Fuller*, 5 *Mass. R.* 133. Besides, the plaintiff alone claims to recover on a mere parol agreement to convey land made by him and another person with the defendant. There has been no part performance of this contract. A contract was made between the plaintiff and defendant, and performed fully.

The opinion of the Court, after a continuance for advisement, was drawn up by

SHEPLEY J. — It is important to understand, what the testimony excluded would have proved, if it had been admitted.

Upon examination, it is found to prove one entire contract for the exchange or conveyance of certain real estate described. There was no agreement for the payment of money ; no act was to be done beyond that of a conveyance of real estate from party to party. The case presented, is that of an agreement for the conveyance of real estate, not reduced to writing, but performed in part by each party, and a further performance refused by one of the parties ; and the other party seeking in this action at law to recover damages for such refusal.

The case does not therefore present the question decided in *Steele* v. *Adams*, nor invite a reexamination of it. The contract proved, can be no other than a contract for the sale of real estate ; and the act to prevent frauds and perjuries provides, that " no action shall hereafter be maintained upon any contract for the sale of lands," " unless the agreement upon which such action shall be brought or some memorandum or note thereof shall be in writing, and signed by the party charged therewith, or some other person thereunto by him lawfully authorized."

It is contended, that as there was a part performance, the contract is taken out of the statute. It was said by Mr. Justice *Buller*, " that as it is settled in equity, that a part performance takes it out of the statute, the same rule shall hold at law." *Brodie* v. *St. Paul*, 1 *Ves.* 326. Lord *Eldon* comments upon this remark of

Justice *Buller*, and shews, that according to their principles and modes of proceeding, the rule cannot be the same at law and in equity. *Cooth* v. *Jackson*, 6 *Ves.* 12. And such has been the decision at law. *Rondeau* v. *Wyatt*, 2 *H. Black.* 63. *Kent C. J.*, says, " there is such a dictum of Justice *Buller* while sitting in the Court of Chancery, but it has never been received as law." *Jackson* v. *Pierce*, 2 *Johns.* 222.

The contract between the parties cannot be enforced at law; and although this Court has jurisdiction in equity, this is not a process in equity; and it would be improper to act upon it as such; because if the plaintiff has an equitable right it is a different one from that of having damages assessed by a jury for a breach of contract, and the defendant may also, in a proceeding in equity, set up a defence, which he could not at law.

*Nonsuit confirmed.*