GEORGE SHULTZ v. BENJAMIN F. PINSON.

No. 12,151.   (64 Pac. 963.)

SYLLABUS BY THE COURT.

SALE OF REALTY— *Oral Contract.*   One who has orally contracted to buy and pay for land, to whom a deed has been executed but not delivered, is not liable, under .the statute of frauds, but may rescind the agreement and refuse to complete the purchase.

Error from Harper district court; G. W. McKay, judge.   Opinion filed May 11, 1901.   Division one. Reversed.

*George E. McMahon,* for plaintiff in error.
*Huston & McColloch,* for defendant in error.

The opinion of the court was delivered by

Doster, C. J.: George Shultz orally agreed with Benjamin F. Pinson to buy town lots of the latter, and as part payment therefor to deliver a promissory note executed by other persons, of which note he was the owner.   In pursuance of the agreement Pinson signed and acknowledged a deed to the lots, but left it with the notary public before whom the acknowl-

Shultz v. Pinson.

edgment was taken to await the completion of an abstract of title which he had agreed to furnish.   A building situated upon the lots having been blown down by a cyclone, Shultz refused to consummate the purchase and notified Pinson of his rescission of the contract.   The latter brought suit to recover the amount of the promissory note as part of the purchase-price of the property.   Judgment went for him in the court below, to reverse which error has been prosecuted to this court.

The action cannot be maintained.   There was no note or memorandum of the agreement of purchase signed by Shultz, the party to be charged.

"It is not only contracts for the *sale* of land which are intended to be embraced (within the statute of frauds), for all the cases show that a *purchase* of land is as much within the statute as a sale of it; the policy of the law being not only to protect owners of land from being deprived of it without written evidence, but also to prevent a purchase of land from being forced by perjury and fraud upon one who never contracted for it."   (Browne, Stat. Frauds, 4th ed., § 263.)

The defendant in error claims that the evidence showed an acceptance of the deed by the plaintiff in error, occupancy of the lots by him and an assertion of ownership of them which took the case out of the statute.   This is a mistake.   Nothing the plaintiff in error did had that effect.

The judgment of the court below is reversed and a new trial ordered.

SMITH, ELLIS, POLLOCK, JJ., concurring.