(86 App. Div. 403.)

SEYMOUR v. WARREN et al.

(Supreme Court, Appellate Division, Second Department. July 24, 1903.)

1. STATUTE OF FRAUDS—PLEADING—AMENDMENT—ORAL CONTRACT.
    After a decision that a contract sued on was unenforceable because the memorandum thereof was not sufficient within the statute of frauds, an amendment of the complaint setting up an oral contract did not aid the pleader.

2. SAME—PART PERFORMANCE—RECOVERY.
    Where a contract is void within the statute of frauds, one of the parties, having performed to a certain extent, cannot recover the fruits of such performance in an action at law to recover damages for a breach of the agreement.

3. SAME—PAROL EVIDENCE.
    Where an agreement not to be performed within a year is void within the statute of frauds because of failure to show consideration, and because not containing the whole agreement, parol evidence is not admissible to remedy the defect.

4. CONTRACT—CONSTRUCTION.
    A contract between the owner of a building and defendants provided that defendants should take charge of the premises, keeping them in good order and paying all expenses until a certain date, and it was agreed they should pay the owner a certain sum per month. Held, that a contention that, although the agreement was void because not in writing, yet it was effective to create a tenancy from year to year, was of no merit, defendants having neither the possession nor right of possession according to the contract.

5. SAME—RECOVERY.
    Plaintiff could not recover the rents for a certain month, and a sum given to defendants to be applied to the taxes, since, if the contract

---

¶ 3. See Frauds, Statute of, vol. 23, Cent. Dig. § 375.

was valid, defendants were entitled to the rents and payment of taxes as consideration, and, if invalid, plaintiff could not sue upon a breach.

**6. MONEY HAD AND RECEIVED.**

Plaintiff might maintain an action against defendants as for money had and received to recover the taxes and rents.

Appeal from Trial Term, Queens County.

Action by Cornelia Seymour against Walter H. Warren and another. From a judgment dismissing the complaint, and from an order denying a motion for a new trial, complainant appeals. Affirmed.

The contract sued on was one whereby defendants agreed to take entire charge of certain premises owned by plaintiff, keeping them in good order, paying all expenses and the sum of $75 per month. Plaintiff, during the pendency of the contract, had given defendants certain moneys with which to pay taxes on the premises. See 69 N. Y. Supp. 236.

Argued before BARTLETT, JENKS, WOODWARD, HIRSCH-BERG, and HOOKER, JJ.

Edmund L. Mooney (Frederick A. Card, on the brief), for appellant.

James J. Allen, for respondents.

JENKS, J. On the first trial the plaintiff's verdict was set aside, and a new trial was granted. We affirmed that order. 59 App. Div. 120, 69 N. Y. Supp. 236. The plaintiff then amended her complaint so as to state two separate and complete causes of action. The sole relief demanded is for damages for breach of contract. We held in 59 App. Div., supra, that, "as the agreement is unquestionably one which, by its terms, is not to be performed within one year from the making thereof, it was void, unless in writing." I do not perceive how the amendment has cured this defect; for it matters not whether the plaintiff plead upon a writing which is insufficient or plead an oral agreement when it must be in writing. The learned counsel for the appellant stated upon the argument: "We made out a contract which was void by the statute of frauds, but, having been performed to a certain extent, we are entitled to the fruits of performance as far as the performance went, and the damages on the repudiation of the agreement for the then current year." Suffice it to say that, even if it be so, the plaintiff cannot enforce any such right in an action at law to recover damages for a breach of such agreement, as was said by Hirschberg, J., in the opinion upon the first appeal, supra, when a similar contention was made.

It is further contended that, as oral evidence was admitted to clear an "ambiguity" in the writing, therefore there is presented a sufficient written memorandum. The objection found to the writing, as indicated in our previous opinion, was not that it was ambiguous, but that it was "fatally defective," in that it failed to express the consideration pleaded, or any consideration; and, second, that it did not contain any agreement on the part of the defendants to pay taxes, etc., but otherwise expressly confined their liability. There is an obvious difference between an ambiguity and an omission.

There is no force in the contention that the relation of the parties was landlord and tenant, and that, although the agreement was void, being a lease for longer than a year, and not in writing, yet it was effective so as both to create a tenancy from year to year and to regulate the terms of the possession of the defendants. The defendants were not lessees, for they had neither possession nor right of possession. McAdam, Landlord & Tenant (3d Ed.) 127. Both the pleading and the proof clearly indicate that the defendants were put in charge of the premises by the plaintiff for the purpose of managing them and to collect the rents from the tenants.

It is further contended that, in any view of the contract, the plaintiff is entitled to recover the February rents and the sum given to the defendants to be applied to the taxes. But, if the contract was valid, and the judgment erroneous, the defendants were entitled to the rents and the payment of the taxes as consideration of the contract, and the plaintiff is relegated to her damages. If the contract was invalid, she cannot sue as upon a breach thereof, though she might have her action for moneys had and received. See Day v. N. Y. C. R. R. Co., 51 N. Y. 583, 590; Reed v. McConnell, 133 N. Y. 425, 435, 31 N. E. 22.

The judgment must be affirmed, with costs. All concur.

Argued before BARTLETT, JENKS, WOODWARD, HIRSCHBERG, and HOOKER, JJ.