GEORGE LEIS v. SARAH McD. POTTER.

No. 13,362. (74 Pac. 622.)

SYLLABUS BY THE COURT.

1. PROMISSORY NOTE—*Pleading and Practice—Title and Ownership.* Plaintiff sued on a note, claiming title as assignee of the original payee. Defendant answered under oath that the note had been assigned by the payee to one A., who had not reassigned it, and was still the owner. Plaintiff replied admitting the assignment to A., but pleading an assignment by A. to the payee. *Held*, that, whether or not the answer contained a sufficiently verified denial of the execution of the assignment to plaintiff,

these pleadings put the ownership of the note in issue; and the error in refusing to permit defendant to introduce evidence under the answer was not cured by the fact that A. testified by deposition that he had no interest in the note.

2. SALE OF REALTY— *Oral Contract—Effect of Part Payment.* Damages cannot be recovered for the breach of an oral contract for the purchase of real property, there being no special circumstances to take the case out of the statute of frauds. The mere part payment of the purchase-price does not have that effect.

Error from Douglas district court; C. A. SMART, judge. Opinion filed December 12, 1903. Reversed.

*W. W. Nevison,* and *D. S. Alford,* for plaintiff in error.

*William H. Mason,* and *Bishop & Mitchell,* for defendant in error.

The opinion of the court was delivered by

MASON, J. : Sarah McD. Potter sued George Leis on a non-negotiable promissory note made by him to James Tracy Potter. The petition alleged an assignment of the note to plaintiff, made February 1, 1899. Defendant filed a verified answer containing a general denial admitting the execution of the note, but alleging that it had been sold and assigned by the payee to one William B. Arnold, that there had been no reassignment to the payee, and that Arnold was the owner and holder of it. Affirmative matter was also set up, which will be noticed later. Plaintiff replied denying the new matter of the answer, and alleging that the note had been assigned in writing to Arnold about January 1, 1898, and that about February 20, 1899, Arnold had assigned it in writing back to the payee, who assigned it to plaintiff.

The case coming on for trial, plaintiff introduced, besides other evidence, the deposition of James T.

Potter and William B. Arnold.   The former testified
that he had transferred the note to his mother, Sarah
McD. Potter, as part payment of a debt he owed her,
but made the formal asgignment, dated January· 1,
1898, to William B. Arnold, for collection only, for
the benefit of Mrs. Potter ; that about February 20,
1899, an assignment was made by Arnold to the wit-
ness ; that about February· 21 the witness assigned
the note to plaintiff for the purpose of putting the
paper title in her, she already being the real owner ;
that witness had no title or interest in the note.
Arnold corroborated this testimony so far as it related
to him, and testified that he had no interest in the
note.    The plaintiff having rested, the defendant
placed a witness on the stand, but was met by an ob-
jection to the introduction of any evidence, on the
ground that the answer stated no defense.    The ob-
jection was sustained, and judgment rendered for
plaintiff.   Defendant prosecutes error.   The questions
are whether the pleadings raised an issue as to the
ownership of the note, and whether the affirmative
matter of the answer stated a defense.

In support of the ruling of the trial court, defend-
ant in error claims that under the decision in *Kimble
v. Bunny*, 61 Kan. 665, 60 Pac. 746, the form em-
ployed in the verification of the answer was such as
to render ineffective the denial of the assignment of
the note by payee to plaintiff.   Assuming, but not
deciding, that this is true, the fact cannot avail
plaintiff.   The answer affirmatively stated that prior
to the date of such assignment the note had been sold
and assigned to Arnold, and that Arnold had never
reassigned it, and was still the owner.   It is not dis-
puted that these allegations were effectively verified.
The reply admitted the assignment to Arnold, but

pleaded a reassignment to payee. Under the plead-
ings, therefore, plaintiff claimed title through this re-
assignment, which was expressly denied under oath
in the answer, and which was alleged for the first
time in the reply. If the allegation is considered to
have been incorporated in the petition, it was denied
by the verified answer. If it stands merely as a part
of the reply it was in issue without a denial. In
either case the burden was upon plaintiff to prove it,
and defendant was entitled to an opportunity to con-
tradict it.

But plaintiff further urges that the error, if any,
in denying defendant this opportunity was not mate-
rial because the only issue was as to the ownership of
the note by Arnold, and since Arnold in his deposi-
tion disclaimed all interest in it defendant is fully
protected against any possible claim on his part. For
practical purposes this is doubtless true, yet it cannot
be said as a matter of law that no injury could result
to defendant. The deposition of Arnold, even though
it is signed by him and filed in the case, does not
have the effect of a pleading. Such estoppel as it
might work against him would not have the abso-
lutely conclusive effect of a judgment in a case to
which he was a party.

These considerations compel a reversal of the case,
but it is pertinent to determine whether the answer
stated any affirmative defense. Its allegations of new
matter were intermingled and stated in one count,
but logically group themselves into three purported
grounds of defense, pleaded by way of set-off, the sub-
stantial averments of each being as follows : (1) That
James Tracy Potter had agreed to buy of defendant a
half-interest in certain real estate, and paid a portion
of the purchase-price, but had refused to carry out the

agreement, whereby defendant was damaged in the sum of $1500; (2) that James Tracy Potter agreed with defendant that he would raise and procure at least $10,000 to be invested in a corporation to be formed, to be known as the Lawrence Investment and Loan Company; that such corporation was formed; that Potter did not furnish any money to be used by it; that thereby, and by plaintiff's failure to continue the business of the corporation, defendant sustained damages in the sum of $3000; (3) "that this defendant has spent a large amount of time at the instance of said Potter in the organizing of the Sunflower Mining Company in Colorado, which said time so spent by this defendant was of the value of $500."

The allegations of the first of these defenses were not sufficient to support the introduction of evidence, on account of the statute of frauds. A contract for the purchase of land is within the statute. (*Shultz v. Pinson*, 63 Kan. 38, 64 Pac. 963.) No exceptional circumstances were alleged to take it out of the statute. The fact that defendant had received a part of the purchase-price did not enable him to avoid its effect. (*Guthrie v. Anderson*, 47 Kan. 383, 28 Pac. 164.) Since the contract is one that cannot be enforced, no action for damages will lie for its breach. (8 A. & E. Encycl. of L., 1st ed., 658; *Fry v. Platt*, 32 Kan. 62, 3 Pac. 781, and cases cited; 23 Cent. Dig. 2333–2335.)

The only damages claimed under the second defense seem to be such as might be occasioned by loss of profits of the business of the corporation, and are too remote. Nor does it appear that there was a consideration for the promise to furnish money to the corporation. The allegations of the third defense, which we have quoted in full, are likewise insufficient. It is not alleged that defendant's time was spent in the

employment of Potter or that Potter had anything to do with the Colorado company. So far as related to the affirmative matter of the answer, the ruling of the trial court was correct.

The judgment is reversed, and the cause remanded for further proceedings in accordance herewith.

All the Justices concurring.