G. H. ELSBERRY, *Plaintiff in Error,* v. L. P. SEXTON, *Defendant in Error.*

STATUTE OF FRAUDS—SALE OF STANDING TIMBER IS AN INTEREST IN REALTY.

A sale of standing timber is a contract concerning an interest in land within the meaning of the statute of frauds—Section 2517, General Statutes of 1906,—which forbids the bringing of any action whereby to charge any person upon any contract for the sale of lands, tenements or hereditaments, or of any uncertain interest in or concerning them, unless the agreement or promise upon which such action shall be brought, or some note or memorandum thereof, shall be in writing and signed by the party to be charged therewithin or by some other person by him thereunto lawfully authorized. Under this statute where a contract is for the sale of land, or any interest therein, and is not in writing, no action at law can ever be maintained upon it. Part performance of such a contract is a ground of relief in equity only, and there, on the principle of relieving from fraud.

This case was decided by Division B.

Writ of error to the Circuit Court for Jackson County.

The facts in the case are stated in the opinion of the court.

*Price & Lewis,* for Plaintiff in Error;

*C. L. Wilson,* for Defendant in Error.

TAYLOR, J.—The defendant in error as plaintiff below sued the plaintiff in error as defendant below in the Circuit Court of Jackson County in an action of assumpsit at law and recovered judgment which the defendant below brings here for review by writ of error. The declaration· in the case alleged as follows:

"First Count: That on or about the first day of June, A. D. 1907, the plaintiff and the defendant entered into a verbal agreement and contract whereby the defendant purchased of the plaintiff five hundred pine trees standing and growing on the plaintiff's land at Round Lake in Jackson County, Florida, for the sum of One Thousand Dollars, said timber to be cut and removed from said land by the first day of January, 1908. Plaintiff alleges that the entire contract .price of One Thousand Dollars was due and payable on or about the first day of January. 1908. Plaintiff further alleges that in pursuance of said contract the said defendant entered upon the said land of the plaintiff's and did cut and remove therefrom one hundred and fifty (150) of said pine trees, and has paid the sum of $300.00 on account of said contract for said pine trees so purchased. And the said defendant has never finished ·cutting said five hundred (500) trees, but they were still standing on the said land subject at all times to be cut .by the said defendant, and plaintiff has been, at all times, ready and willing and is still ready and willing for the defendant to finish carrying out his contract by ·the cutting of said timber. That the time for the payment of the balance due of said One Thousand Dollars for said timber is now long past due and only $300.00 of same has been paid, and although plaintiff has demanded payment of the balance due, the defendant has

failed and refused to pay same; wherefore plaintiff sues and claims Nine Hundred Dollars damages.

Second Count: Plaintiff sues and alleges, that on or about the 1st day of June, 1907, the plaintiff and the defendant entered into a verbal contract whereby the defendant purchased from the plaintiff five hundred (500) pine trees standing and growing on the plaintiff's land at Round Lake, Jackson County, Florida, for the sum of One Thousand Dollars for said five hundred (500) pine trees, said timber to be cut and removed from said land by the first day of January, 1908, and plaintiff alleges that in pursuance of said contract the said defendant entered upon the said land of the plaintiff and did cut and remove therefrom one hundred and fifty (150) of said pine trees, and paid the plaintiff the sum of $300.00 on account of the purchase price of said five hundred pine trees, but the defendant has never carried out his contract and cut the five hundred trees which he purchased, and the plaintiff alleges that said defendant in making the said contract with the said plaintiff to purchase said trees, intended thereby to injure, defraud and damage the plaintiff, and under the guise of such contract the said defendant intended to enter upon the plaintiff's land and cut one hundred and fifty (150) of the best pine trees out of the five hundred (500) which plaintiff sold to defendant, leaving three hundred and fifty (350) which were not so large and good and of less value, but plaintiff did not know that the defendant, at the time of making said contract, intended to so injure, wrong and defraud him. Plaintiff alleges that the time for the cutting of said timber and the time for paying for same has long since elapsed, and by reason of the defendant cutting the best part of said timber, the other three hundred and fifty (350) trees are not worth over fifty cents per tree, and

plaintiff is unable to sell them for more than fifty cents per tree, and plaintiff further alleges that $300.00 does not compensate him for damages sustained by reason of the taking away of the said one hundred and fifty (150) largest pine trees from said land, and by reason of the taking of the said one hundred and fifty (150) trees and leaving three hundred and fifty (350) of those which were not so valuable, the defendant has damaged the plaintiff in the sum of Nine Hundred Dollars damages; wherefore plaintiff sues and claims nine hundred dollars damages."

To this declaration the defendant interposed a demurrer upon the following grounds, among others:

2nd.   That said contract set up and declared upon by said declaration and each count thereof is void under the statute of frauds.

3rd.   That it is apparent from the allegations contained in said declaration and each count thereof that the alleged contract was and is an attempted sale of realty, and was not in writing and signed by the parties thereto as required by law.

4th.   That from the allegations of said declaration, and each count thereof, it is apparent that the plaintiff if entitled to any relief should seek such relief in a court of equity.

5th.   That it is apparent from the allegations of said declaration and each count thereof that the defendant has paid the agreed price for all timber cut and removed under the alleged contract.

This demurrer was overruled by the court below and such ruling is assigned as error.   The court below erred in this ruling.

Section 2517 of our General Statutes of 1906, provides that "No action shall be brought whereby to charge * * * any person * * * upon any contract for

the sale of lands, tenements or hereditaments, or of any uncertain interest in or concerning them   *   *   *   unless the agreement or promise upon which such action shall be brought, or some note or memorandum thereof, shall be in writing and signed by the party to be charged therewith, or by some other person by him thereunto lawfully authorized.

In the case of Richbourg v. Rose, 53 Fla. 173, 44 South. Rep. 69, it was held here that a sale of standing timber, is a contract concerning an interest in land, within the meaning of the statute of frauds.

Where a contract is for the sale of lands, or any interest therein, and is not in writing, no action at law can ever be maintained upon it.   Part performance of such a contract is a ground of relief in equity only, and there, on the principle of relieving from fraud.   Hibbard v. Whitney, 13 Vt. 21; Seymour v. Warren, 83 N. Y. Supp. 871, 86 App. Div. 403; Hadden v. Johnson, 7 Ind. 394; Maloy v. Boyett, 53 Fla. 956, 43 South. Rep. 243; Cagger v. Lansing, 43 N. Y. 550; Baldwin v. Palmer, 10 N. Y. 232, 61 Am. Dec. 743; Hamilton v. Thirston, 93 Md. 213, 48 Atl. Rep. 709; Leis v. Potter, 68 Kan. 117, 74 Pac. Rep. 622; Cram v. Thompson, 87 Minn. 172, 91 N. W. Rep. 483; Collins v. Thayer, 74 Ill. 138; Clapp v. Boston, 133 Mass. 367; Rutan v. Hinchman, 30 N. J. L. 255; Lydick v. Holland, 83 Mo. 703; McCracken v. McCracken, 88 N. C. 272; Dougherty v. Catlett, 129 Ill. 431, 21 N. E. Rep. 932; Adams v. Townsend, 1 Met. (Mass.) 483; Chamberlain v. Adams, 36 Wash. 587, 79 Pac. Rep. 204; Dung v. Parker, 52 N. Y. 494; Davis v. Moore, 9 Rich. Law (S. C.) 215; Bartlett v. Aitken, 48 Cal. 405; McCampbell v. McCampbell, 5 Litt. (Ky.) 92, 15 Am. Dec. 48; High v. Jasper Mfg. Co., 57 Fla. 437, 49 South. Rep. 156; Dumphy v.

Ryan, 116 U. S. 491, 6 Sup. Ct. Rep. 486; Norton v. Preston, 15 Me. 14, 32 Am. Dec. 128.

The suit here is nothing more than an action at law for the recovery of damages for alleged breach of an oral contract for the purchase of an interest in realty, which action is expressly forbidden by our statute of frauds.

The judgment of the Circuit Court in said cause is hereby reversed at the cost of the defendant in error, and the cause remanded with directions to sustain the demurrer to the plaintiff's amended declaration and for final judgment on such demurrer in favor of the defendant below.

HOCKER and PARKHILL, J. J., concur;

WHITFIELD, C. J., and SHACKLEFORD and COCKRELL, J. J., concur in the opinion.