No. 18,685.

D. J. KISER, *Appellant*, v. A. RICHARDSON, *Appellee.*

SYLLABUS BY THE COURT.

ORAL PROMISE—*To Loan Money—Breach—Action for Damages.*
Plaintiff sued to recover damages for the breach of an oral
promise of the defendant that he would at a certain time in
the future loan the plaintiff $10,000, to be secured by a mort-
gage upon plaintiff's real estate. The petition alleged that
defendant never intended to make the loan, and that the prom-
ise was false and fraudulent. The plaintiff parted with noth-
ing and the defendant gained nothing as a result of the prom-
ise. *Held:*

(1) FALSE REPRESENTATIONS—*When Fraudulent in Law—
When Damages are Recoverable.* The rule that false repre-
sentations in order to be fraudulent must relate to a present
or past state of facts, and that no action will lie to recover
damages as for deceit in the failure to perform a promise
looking to the future, is held to apply, and therefore plaintiff's
petition failed to state a cause of action.

(2) CONTRACT—*Interest in Land—Statute of Frauds.* The
contract being entire and indivisible, relating to an interest in
and concerning lands, and not in writing, it can not, by reason
of the statute of frauds, be enforced.

(3) DAMAGES—*Unenforceable Contract.* No action for
damages will lie for the breach of an unenforceable contract.

Appeal from Jewell district court; RICHARD M. PICK-
LER, judge. Opinion filed March 7, 1914. Affirmed.

*R. S. Hanley,* and *J. M. Livingood,* both of Belleville,
for the appellant.

*R. W. Turner,* of Mankato, for the appellee.

The opinion of the court was delivered by

PORTER, J.: The petition alleged that on the 10th day
of February, 1912, the defendant agreed to loan the
plaintiff the sum of $10,000 on or before the first day of
the following March for the purpose of paying an in-
debtedness due from the plaintiff on that day to one
Vincent F. Gutscher, being a deferred payment on the

purchase price of a tract of land in Jewell county; that in consideration of the agreement to make the loan plaintiff agreed to pay the defendant interest at eight per cent per annum, and if at the end of one year the interest or principal or both should be and remain unpaid, then the land should become the property of the defendant and the plaintiff would forfeit his entire interest therein. The plaintiff stated that, relying upon the promise, he made no further arrangements for the payment of his indebtedness to Gutscher; that a few days before the first of March the defendant informed him that he would not make the loan, and refused to comply with the agreement; that thereupon, in order to prevent a forfeiture of the contract with Gutscher, plaintiff was compelled to sell the land, which he did, to another person at a loss. He alleged that the defendant never intended to make the loan, but falsely and fraudulently agreed to do so for the purpose of misleading and deceiving the plaintiff and in order to defraud the plaintiff out of a large portion, if not all, of his interest in the land and become the owner thereof himself. He sued to recover the $4600 which he alleged was the damages he had sustained.

The answer alleged that the contract upon which the action was brought was for the sale of an interest in and concerning lands, was not in writing, and was in violation of the statute of frauds. The answer admitted that the plaintiff requested the loan of the money, but denied that defendant ever promised to make it, and alleged a mere promise that if he could secure help to borrow the sum he would make the loan; that upon learning that he could not obtain the money, he at once informed the plaintiff of the fact and the reason therefor. The answer denied the averments in the petition not directly admitted. The plaintiff filed a general reply. Thereafter the court sustained a motion of the defendant for judgment in his favor on the pleadings. From the judgment defendant appeals.

"To constitute a representation, as that term is understood in the law relating to fraud, there must be a statement or representation as to a fact, and it must also be as to a past or existing fact." (14 A. & E. Encycl. of L. 33, 47.)

The general rule is stated in *J. H. Clark Co. v. Rice*, 127 Wis. 451, 106 N. W. 231, 7 A. & E. Ann. Cas. 505, as follows:

"Representations, to be fraudulent, must relate to a present or past state of facts.

"Relief as for deceit can not be obtained for nonperformance of a promise looking to the future." (Syl. ¶¶ 7, 8.)

A distinction is sometimes drawn where the person relying upon the promise has parted with property. Thus equity will compel the performance of a verbal contract falling within the provisions of the statute of frauds where the refusal to execute it would amount to a fraud. But it is said that "in order to justify the exercise of equitable jurisdiction the fraud complained of must be something more than the mere refusal of a party to perform his agreement." (29 A. & E. Encycl. of L. 846.)

Again, it is said that "under some circumstances, where money has been expended on the faith of a promise which is not performed, and the promisor has had the benefit of the expenditure, a court of equity will treat the breach of the promise as a constructive fraud, and allow a recovery to the extent of the expenditure." (14 A. & E. Encycl. of L. 50, and cases cited.)

There is no statement in the petition that takes this case out of the general rule. There is the bare assertion that the promise was made by the defendant for the purpose of deceiving the plaintiff in order to defraud him out of a portion of the land and that the defendant might become the owner thereof himself. This is a mere conclusion. No fact is stated in support of it; and, on the contrary, it is alleged that the plaintiff sold the land to another person. So far as the petition

shows, the plaintiff parted with nothing, and the defendant gained nothing as a result of the promise.

For another reason the action can not be maintained. The contract is entire and indivisible. By its terms the defendant was to acquire the interest of a mortgagee in lands, and the contract not being in writing it can not by reason of the statute of frauds be enforced.

Respecting plaintiff's contention that this is an action sounding in tort, it is sufficient to say that the rule is well established that such a contract can not be enforced indirectly by an action to recover damages for its breach. In *Leis v. Potter*, 68 Kan. 117, 74 Pac. 622, it was said:

"Since the contract is one that can not be enforced, no action for damages will lie for its breach." (p. 121.)

(See, also, 29 A. & E. Encycl. of L. 823, Note 6, and cases cited.)

The judgment is affirmed.