118 So.2d 599 (1960)
A. Morgan WILLIAMS, Sr., Appellant,
v.
Elmer T. FAILE and Wife, Kathleen T. Faile, Appellees.
No. A-353.
District Court of Appeal of Florida. First District.
January 27, 1960.
Rehearing Denied March 22, 1960.
*600 Thomas Sale, Panama City, for appellant.
W. Fred Turner, Panama City, for appellees.
CARROLL, DONALD K., Acting Chief Judge.
The appellant, one of the defendants below, has appealed from a judgment against him entered by the Circuit Court for Bay County, based upon a jury verdict.
The appellees' complaint was a simple one, alleging that on September 10, 1955, they, the plaintiffs, sold to the defendants certain described lots in Bay County and executed and delivered to the defendants their warranty deed to said lots; that the purchase price agreed on between said parties for said lands was $57,500, of which amount the defendants paid $40,000 on or about September 15, 1955, leaving a balance of $17,500, due and owing the plaintiffs by the defendants, which sum the defendants failed and refused to pay although often requested so to do; wherefore, the plaintiffs demanded judgment against the defendants in the amount of $17,500 plus costs of the action.
Attached to the complaint was a copy of a warranty deed made on September 10, 1955, between the appellees, Elmer T. Faile and his wife, Kathleen T. Faile, parties of the first part, and the appellant, his wife, Mattie R. Williams, Raymond L. Williams, and A. Morgan Williams, Jr., parties of the second part (all four being defendants in the suit). The second paragraph of the deed contained the following language:
"Witnesseth: That the said parties of the first part, for and in consideration of the sum of Ten Dollars and other valuable consideration to them in hand paid, the receipt whereof is hereby acknowledged, have granted, bargained, sold and conveyed to the parties of the second part their heirs and assigns forever the following described land, * * *"
The deed was signed only by Elmer and Kathleen Faile and on September 10, 1955, was acknowledged by them before a notary public. A certificate of the clerk of the Circuit Court for Bay County showed that the deed was recorded in the public records of that county on September 19, 1955.
The appellant and the other defendants moved to dismiss the complaint on the grounds, among others, that the transaction involved a sale of real estate and the complaint *601 did not meet the Statute of Frauds, and that no sufficient facts are shown to take the case out of the purview of the Statute of Frauds. This motion was denied by the Circuit Court.
The appellant and the other defendants then filed their answer alleging that they did not promise as alleged and were never indebted as alleged, which answer also included the following as a fourth defense:
"Fourth Defense: The defendants aver that the $40,000.00 was paid at the time of the delivery of deed of conveyance, copy of which was attached to the complaint, and that same was the full purchase price and there has been no note nor memorandum signed by any of the defendants with respect to the sale of the land described in the complaint on which the defendants could be charged therewith." (Italics supplied.)
The appellees moved to strike the italicized portion of this fourth defense, which motion was granted by the Court.
The defendants then amended their answer by adding a fifth defense, alleging in effect that the purchase price agreed to by the parties was $40,000.
At the trial the plaintiff Elmer T. Faile, Sr., testified that the parties agreed to $57,500 as the "approximate price" and that "we agreed on the 14th or 15th to accept $40,000 cash, with $17,500 to be paid in the near future." He admitted that he had no written memorandum signed by the defendants.
The appellant testified at the trial that he never agreed to a price of $57,500, nor to any price above $40,000.
No memorandum in writing signed by the defendants concerning the terms of the agreement was introduced in evidence or referred to in the testimony at the trial.
At the conclusion of the testimony the defendants moved the Court to direct a verdict in the appellant's favor under the Statute of Frauds on the ground that there had been no showing that there was any written statement signed by the defendants. This motion was denied as to the appellant, but the Court granted a directed verdict in favor of the other defendants.
On this appeal the appellees earnestly argue that the testimony regarding the consideration was admissible under the parol evidence rule, in accordance with this holding of the Florida Supreme Court in Herrin v. Abbe, 1908, 55 Fla. 769, 46 So. 183, 185, 18 L.R.A.,N.S., 907:
"The deed of conveyance recites a consideration of `one dollar and other valuable consideration.' The statement in the deed as to the consideration is not complete and the true consideration may be shown by parol. * * The testimony relates to the consideration of the deed, and was clearly admissible on that ground, since the deed does not purport to be complete in stating the consideration."
In that case the defendant testified at the trial that a part of the consideration for the deed of conveyance from him to one Whitted was the agreement by Whitted to pay the mortgages on the premises. A motion to strike this testimony on the grounds, among others, that it was not in writing and that it contradicted, added to, and varied the contract, was denied by the trial court. After laying down the above-quoted rule, the Supreme Court said:
"A promise by the purchaser of lands that are subject to a mortgage to assume and pay off the incumbrance as a part of the consideration or purchase price is not required to be in writing because it is not a promise to pay the debt of another, but it is a promise to pay to a third party the debt the grantee owes to the grantor. The fact that in thus paying his own debt the grantee incidentally discharges the debt of his grantor does not bring the promise within the statute of frauds."
*602 We agree with the quoted rule that when the statement of consideration in a deed is incomplete, the true consideration may be shown by parol. Though this rule is applicable in the present appeal, that will not avail the appellees because the Statute of Frauds is applicable here.
The Florida Statute of Frauds (Sec. 725.01, Florida Statutes, F.S.A.) provides in pertinent part:
"No action shall be brought * * * upon any contract for the sale of lands, tenements, or hereditaments * * * unless the agreement or promise upon which such action shall be brought, or some note or memorandum thereof shall be in writing and signed by the party to be charged therewith or by some other person by him thereunto lawfully authorized."
In this case the appellees clearly were suing upon a contract for the sale of realty, but they failed to show at the trial or otherwise that there was an agreement or promise in writing or a note or memorandum thereof in writing signed by the appellant or by some other person by him thereunto lawfully authorized. This being so, it helped the appellees not at all to be able to give parol evidence of the true consideration, for there was still no writing as required by the statute.
A party cannot avoid the effect of his violation of the Statute of Frauds by the device of introducing parol evidence, though perfectly admissible in evidence, on one term or even all the terms of a contract or promise, for the plain fact is that parol evidence is not and cannot be the writing required by the letter and purpose of the Statute of Frauds.
In this case the deed itself, even as "amended" by the parol evidence, cannot possibly constitute the writing required by the Statute of Frauds. The rule is established in Florida that a written memorandum to take a contract for sale of land out of the Statute of Frauds must show the essential elements of the contract. See Rundel v. Gordon, 1926, 92 Fla. 1110, 111 So. 386; Alton Beach Realty Co. v. Henderson, 1926, 92 Fla. 689, 110 So. 256; and Swisher v. Conrad, 1918, 76 Fla. 644, 80 So. 564. The deed here, even as "amended" by the parol evidence as to the "true consideration", does not meet the requirement that the writing show the essential elements of the contract. Where, for example, is the promise by the appellant to pay $57,500 for the land? Finally, the deed utterly fails to satisfy the statutory requirement that the writing be "signed by the party to be charged therewith or by some other person by him thereunto lawfully authorized." The deed here was signed only by the appellees.
Part performance does not have the effect of removing the bar of the Statute of Frauds to this action at law. As said by the Florida Supreme Court in Elsberry v. Sexton, 1911, 61 Fla. 162, 54 So. 592, 593:
"Where a contract is for the sale of lands, or any interest therein, and is not in writing, no action at law can ever be maintained upon it. Part performance of such a contract is a ground of relief in equity only, and there on the principle of relieving from fraud. [Citing numerous cases.]"
Since the appellees failed to show any writing evidencing the contract or promise or a note or memorandum thereof in writing signed by the appellant or a person authorized by him, the court erred in not granting a directed verdict in favor of the appellant, and the judgment based upon the jury's verdict against the appellant must therefore be reversed.
Reversed.
THORNAL, Associate Judge, concurs.
CROSBY, H.B., Associate Judge, dissenting.
*603 CROSBY, H.B., Associate Judge.
I must respectfully dissent from the judgment of reversal and from that portion of Judge CARROLL'S opinion relating to the Statute of Frauds. The view that appears to be supported by the decisions of courts in other jurisdictions in this country where the question has arisen, the view which I believe to be sound, is that the statute does not bar a seller of land from an action of law for the purchase price where the seller has fully performed his part of the oral agreement by transfer of title, in this case delivery and acceptance of a warranty deed conveying title to appellant, his wife, and sons. This view and the cases supporting it are found in 37 C.J.S. Frauds, Statute of § 252, p. 763 and 27 C.J. 351 (Frauds, Statute of § 431).
Williston[1] explains the rule in the following language:
"A contract to pay the price of land actually conveyed is not within the Statute. It is a unilateral obligation to pay a sum of money, and is not a contract either to buy or sell land. The sale has been made. Even though the contract originally was bilateral and was confessedly for the purchase and sale of land, it seems that the same consequence follows if the land is actually conveyed. There is then no longer a contract to sell but an actual sale, and the conveyance creates a debt for the price; so that whenever the land has been conveyed the obligation to pay the price may be enforced."
The same position has been adopted in the Restatement of the Law of Contracts.[2]
Elsberry v. Sexton[3] cited in the majority opinion, involved an oral agreement for the sale of standing timber. Pursuant to the oral agreement the purchaser cut and removed a portion of the trees and paid a portion of the purchase price. There was no deed or other instrument effectuating a transfer of title from seller to buyer. At best, therefore, the contract to sell was only partially performed by the seller (as well as the buyer), and the court quite correctly held that defendant buyer's demurrer to the declaration should have been sustained because an action at law on such a verbal, still partly executory agreement is barred by the Statute of Frauds. The case clearly did not fall within the rule as explained by Williston, supra. Even the dictum
"Where a contract is for the sale of lands, or any interest therein, and is not in writing, no action at law can ever be maintained upon it."
in the Elsberry decision may be interpreted as contemplating an oral contract for the sale of land the title to which is not yet fully transferred to purchaser. If, however, it be given the sweeping interpretation approved by the majority, then it goes beyond the facts that were before the court and should not be regarded as binding authority in the present case.
There is no dispute between the parties to this appeal that they entered into an oral agreement for the sale and purchase of land, that pursuant to the agreement a deed conveying title from seller to buyer was executed and delivered by seller, accepted and recorded by buyer; that at or about the time title was transferred buyer paid seller $40,000; and that buyer entered into possession of the property. Seller contends there is an additional $17,500 due on the purchase price; buyer asserts that $40,000 was the entire consideration. I am of the opinion that the able trial judge correctly found an action at law could be maintained by the seller, that he properly allowed the sole issue in the case  the amount of the purchase price  to be resolved by a jury, and that the judgment *604 entered consequent upon the jury's verdict should be affirmed.

On Petition for Rehearing
CARROLL, DONALD K., Judge.
The appellees have filed an able petition for rehearing, referring us to a number of cases in which the statute of frauds was held inapplicable. The holding in none of these cases, however, is as closely analogous to the situation in this appeal as the Florida Supreme Court's holding in Elsberry v. Sexton, 1911, 61 Fla. 162, 54 So. 592, upon which we relied in the majority opinion.
It is true that a study of the case law in this field reveals that many courts of this country have engrafted exceptions to the operation of the plain language of the statute of frauds, apparently in the interest of what they conceived to be justice under what they considered were the facts of the cases. See Corbin on Contracts, 1 Vol. Ed., Chapter 12. Being unendowed with the power to legislate judicially, we are reluctant to engraft another exception to fit the apparent circumstances here. We are impressed with Corbin's statement (op.cit., p. 381): "It can hardly be doubted that the statute renders some service by operating in terrorem to cause important contracts to be put in writing." We agree fully with the language and philosophy of the Texas Supreme Court [Hooks v. Bridgewater, 111 Tex. 122, 229 S.W. 1114, 15 A.L.R. 216] in reversing a holding of a lower appellate court that a certain parol contract was not condemned by the statute of frauds, which language was quoted with apparent approval by the Florida Supreme Court in Battle v. Butler, 1939, 138 Fla. 392, 189 So. 846, 850, as follows:
"To sustain this holding, there must be created by judicial authority another exception to the operation of the statute of frauds, one unsanctioned by any previous decision of this court, and of larger consequence than any heretofore recognized by it. * * * Regardless of the disposition of other courts to engraft other exceptions upon a plain and salutory statute which had its origin in the prolific frauds and perjuries with which parol contracts concerning lands abounded, this court has always refused to further relax the statute. We think the wisdom of its course has been justified."
We, therefore, adhere to the majority opinion and judgment. The petition for rehearing is denied.
WIGGINTON, Chief Judge, and THORNAL, Associate Judge, concur.
NOTES
[1] 2 Williston on Contracts 1427 (rev. ed. 1936).
[2] Sec. 193(3).
[3] 1911, 61 Fla. 162, 54 So. 592.