173 So.2d 492 (1965)
W.L. TANENBAUM, Appellant,
v.
BISCAYNE OSTEOPATHIC HOSPITAL, INC., a Florida corporation, Appellee.
No. 64-624.
District Court of Appeal of Florida. Third District.
April 6, 1965.
*493 Gotthardt, Christie & Shepard, Miami, for appellant.
Jonas & Riddle, Miami Beach, for appellee.
Before BARKDULL, C.J., and TILLMAN PEARSON and HENDRY, JJ.
TILLMAN PEARSON, Judge.
The appellant W.L. Tanenbaum is an osteopathic physician specializing in the field of radiology. In September of 1961 he moved to Miami to take up the duties of osteopathic radiologist at the Biscayne Osteopathic Hospital located in North Miami Beach, Florida. On April 19, 1962, he was notified by the Hospital that his services would no longer be required after July 1, 1962. In August of 1962 he brought his complaint at law for damages resulting from an alleged breach of his employment contract with the Hospital. The plaintiff alleged an oral contract for a period of five years terminable only after that period and then only upon 90 days' written notice by either party.
In defense of the action the defendant Hospital filed an answer denying the allegations and further plead the Statute of Frauds, Chapter 725, Fla. Stat., F.S.A. During the trial of the cause the Hospital was denied a directed verdict at the end of the plaintiff's case. The defendant renewed its motion at the close of all of the evidence. The court reserved ruling on the second motion.
The appellant, Tanenbaum, received a verdict of $40,000 at the hands of the jury. Subsequently, the Hospital filed its motion for judgment in accordance with its motion for directed verdict. After hearing, the court granted the motion and entered judgment for the defendant, Hospital. The court set forth the basis of its judgment as follows:
"[T]he Court having found from the pleadings and the testimony that the Contract sued upon was an Oral Contract not to be performed within one year, and therefore within the Statute of Frauds of the State of Florida. That the Defendant properly plead the defense of the Statute of Frauds. The Plaintiff, in reply to Defendant's Motion for Judgment Notwithstanding the Jury Verdict, opposed the Defendant's Motion by arguing that Defendant was estopped to plead the Statute of Frauds, and upon considering Plaintiff's Memorandum of Law, the Court finds that the Doctrine of Estoppel is not applicable to the instant case * * *."
The plaintiff Tanenbaum has appealed this judgment and presents one point for our consideration: "the Court erred in ruling upon conflicting evidence that plaintiff's action for breach of contract is barred as a matter of law by the Statute of Frauds."
Appellant first urges that the ground set forth was not available because the issue of the Statute of Frauds was not *494 presented to the jury. He contends that although the issue was presented by the pleadings and the evidence, the defendant failed to request an instruction by the court to the jury on the issue, and thereby waived the defense. It is well established that the defense of the Statute of Frauds must be presented by the defendant or it is waived. See Fletcher v. Williams, Fla.App. 1963, 153 So.2d 759; Fla.R.Civ.P. 1.8(d), 30 F.S.A. Operating from this premise, the appellant urges that it follows that the defense must not only be plead and proof submitted to sustain it, but that it must be instructed upon. The appellant cites no case in support of his position and we find no reason that this case should be made an exception to the general rule that the issues submitted to the jury are to be found in the evidence presented to it. An issue of fact does not have to be instructed upon by the trial court when no request is made for such an instruction. See Fred Howland, Inc. v. Morris, 143 Fla. 189, 196 So. 472, 128 A.L.R. 1013 (1940). Furthermore, an appellate court will not reverse a judgment based upon a jury verdict which is supported by the evidence. Breeding's Dania Drug Co. v. Runyon, 147 Fla. 123, 2 So.2d 376 (1941).
Appellant's second line of argument is that the question of the applicability of the Statute of Frauds is in every case a question of fact upon which the trial court ought not direct a verdict. As support for this proposition he relies upon the case of Bruce Construction Corp. v. State Exchange Bank, Fla. 1958, 102 So.2d 288. In that case the Supreme Court held that a trial judge may not direct a verdict whenever the testimony and evidence, although not conflicting, are susceptible to different reasonable inferences which would justify a judgment for either party. We find no such possibility in the instant case. It is a well-established rule that the trial court may direct a verdict upon a mixed question of law and fact whenever the facts, as presented to the jury, upon their most favorable interpretation to the party moved against are susceptible of only one reasonable conclusion. Ball v. Inland Mutual Insurance Co., Fla.App. 1960, 121 So.2d 470.
We therefore reach the conclusion that the question before us is whether or not the evidence, viewed in the light most favorable to the jury's verdict, requires the application of the Statute of Frauds, Chapter 725, Fla. Stat., F.S.A., as a bar to the plaintiff's action.
The only reason presented by the appellant for the inapplicability of the Statute in this case is the argument that the doctrine of promissory estoppel takes the contract out of the Statute of Frauds. In order to adequately understand appellant's position it is necessary to briefly restate the facts relative to the claimed estoppel.
In 1961 the plaintiff, appellant, W.L. Tanenbaum, was practicing his profession at the Allentown Osteopathic Hospital in Allentown, Pennsylvania. A new hospital was being organized in Dade County, Florida, and this hospital was in need of a qualified radiologist. Dr. Tanenbaum's name came under consideration and after some negotiation he was offered the position and accepted. In order to accept the position offered, Dr. Tanenbaum was required to come to Florida and pass examinations given by the State for the purpose of obtaining the necessary license. This he did. During the period of negotiation the plaintiff and his prospective employers discussed a contract to be made. Although the evidence is conflicting, we must accept the view that the contract finally agreed upon by the parties was a five-year contract with an option for a five-year renewal by the doctor with the privilege of cancellation by the Hospital upon 90 days' written notice during the renewal term. During all of the time of the negotiation, Dr. Tanenbaum repeatedly urged that the contract be reduced to writing and made every effort to procure such a contract. In reliance upon his oral contract he sold his home in the North, removed his family to this area and purchased a home here. He began his practice and was accepted in all outward manifestations *495 as a member of the staff of the Hospital. Thereafter, he was discharged upon purely personal grounds without relation to any question of his competency.
The question therefore is whether under these circumstances the law raises an estoppel against the defendant Hospital and in favor of the plaintiff to prevent the Hospital from pleading the Statute of Frauds as a defense to the action.
There is no doubt that in some jurisdictions this defense to the Statute of Frauds is recognized and applied. Alaska Airlines, Inc. v. Stephenson, 217 F.2d 295, 15 Alaska 272 (9th Cir.1954); Fibreboard Products, Inc. v. Townsend, 202 F.2d 180 (9th Cir.1953); Seymour v. Oelrichs, 156 Cal. 782, 106 P. 88 (1910). The defense is well stated in Restatement, Contracts § 90 (1932):
"A promise which the promisor should reasonably expect to induce action or forbearance of a definite and substantial character on the part of the promise which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise."
We find no Florida case which indicates that the doctrine of promissory estoppel as applied to the Statute of Frauds has been favorably considered by any Florida court in a law action, nor has appellant been able to refer us to such a case. We therefore conclude that this may be a case of initial impression in this State on this subject. This being true we must proceed with caution in the consideration of the advisability of ingrafting onto the law of this State a provision which may have the effect of nullifying the legislative will of the State as expressed by the enactment of the Statute of Frauds, Chapter 725, Fla. Stat., F.S.A. We also proceed with caution because nowhere in the opinions of the Supreme Court of Florida, or in the decisions of the District Courts of Appeal since 1957, upon discussion of the Statute of Frauds do we find any reference to this claimed exception to the Statute. It may be that it has never been thought of before but it is more likely that it has been rejected as a part of the law of this State. However, for a discussion of the doctrine of promissory estoppel see Southeastern Sales & Service Co. v. T.T. Watson, Inc., Fla.App. 1965, 172 So.2d 239, which involved a suit for damages for the breach of an alleged contract. See also South Inv. Corp. v. Norton, Fla. 1952, 57 So.2d 1, which was a suit for specific performance of an option agreement. In both of the cases just cited the application of the Statute of Frauds was not in issue or at least not discussed in the opinion. Furthermore, in each instance it was held that the doctrine of promissory estoppel was inapplicable.
It is true that in chancery cases, where it is considered within the power of the court of chancery to look beyond the Statute of Frauds to the equities of the case, similar affirmative defenses have been sustained. The equitable rule that part performance may take a proper case out of the operation of the Statute of Frauds has no application to a common-law action. Elsberry v. Sexton, 61 Fla. 162, 54 So. 592 (1911); Williams v. Faile, Fla.App. 1960, 118 So.2d 599; 49 Am.Jur., Statute of Frauds, § 426 (1943) and cases cited therein; Annot., 59 A.L.R. 1350 (1929).
The general rule applicable in this State is found in Yates v. Ball, 132 Fla. 132, 181 So. 341 (1937) where it was held by the Supreme Court:
"The statute of frauds grew out of a purpose to intercept the frequency and success of actions based on nothing more than loose verbal statements or mere innuendos. To accomplish this, the statute requires that all actions based on agreements for longer than one year must depend on a written statement or memorandum, signed by the party to be charged. The statute should be strictly construed to prevent the fraud it was designed to correct, and so long as it can be made to effectuate this purpose, courts should be reluctant to take cases from its protection. 25 R.C.L. 442." 181 So. at 344.
We conclude that the Statute of Frauds is applicable to the oral contract in the instant case. The trial judge correctly determined that under the law of this State the defendant, appellee, was entitled to a directed verdict. The judgment appealed is affirmed.
Affirmed.
*496 BARKDULL, Chief Judge (dissenting).
I concur with so much of the opinion that disposes of the several contentions raised by the appellant, except that relating to the doctrine of promissory estoppel. But, I respectfully reject the proposition that neither the trial court nor this court is permitted to consider the doctrine under the existing decisions of this State merely because no reference to the doctrine has been specifically referred to in the cited opinions. The restatement of contracts, as set forth in § 90 thereof in the majority opinion, clearly states the doctrine and I would hold it applicable in the instant case.