D. M. BALDRIDGE, *Appellant*, V. LEOPOLD CENTGRAF,
*Appellee.*

No. 16,444.

SYLLABUS BY THE COURT.

1. CONTRACTS — *Specific Performance* — *Grounds.* The ground upon which a court, notwithstanding the statute of frauds, may compel the complete performance of an oral contract for the sale of real estate, which has been partly performed, is that such a decree may be necessary in order to avoid injustice toward one who in reliance upon the agreement has so altered his position that he can not otherwise be afforded adequate relief.

2. ——— *Possession Taken with Owner's Consent.* The mere fact that a proposed buyer has taken possession of real estate with the consent of the owner, upon the faith of an oral agreement for its purchase, does not in and of itself avoid the effect of the statute and justify a decree for the specific performance of the contract.

3. ——— *Possession and Deposit of Check for Purchase Price.* In the absence of any further showing as to the injury that would result to the plaintiff by a denial of that relief, a decree for the specific performance of an oral contract for the sale to him of a dwelling house is not justified by evidence that, having deposited a valid check for the purchase price with a third person, mutually agreed upon, to be delivered upon the execution of a deed, he took possession of the premises by the owner's permission, but was on the same day served with a notice to vacate.

4. EJECTMENT—*Evidence of Plaintiff's Title—Admissions.* In ejectment, where the defendant claims a right of possession only under a contract with the plaintiff for the purchase of the property, evidence of title on the plaintiff's part becomes immaterial.

Appeal from Sumner district court; CARROLL L. SWARTS, judge. Opinion filed April 9, 1910. Reversed.

*F. A. Dinsmoor,* for the appellant.

*James Lawrence,* and *Levi Ferguson,* for the appellee.

The opinion of the court was delivered by

Mason, J.: D. M. Baldridge brought ejectment against Leopold Centgraf, who defended on the ground of an oral contract for the purchase of the property, rendered enforceable by having been partly performed. The court found in favor of the defendant and rendered a judgment for the specific performance of the contract, from which the plaintiff appeals.

The evidence showed an oral agreement between the parties for the sale of the property, which included an unoccupied dwelling house. The buyer deposited his check for the purchase price with a third person, mutually agreed upon, to be delivered in exchange for a deed. According to his testimony (which, although contradicted, must be accepted as true in view of the finding of the trial court), he then said that he wanted to move in and the owner told him either that he would or that he could. He did move in, but on the same day received from the owner a writing notifying him to vacate the premises and asserting that he was merely a trespasser thereon. The owner followed up the notice with a proceeding under the forcible entry and detainer article, but, upon the defendant's claiming title, abandoned that for the present action.

Although by putting up his check the defendant did all that was incumbent upon him in that regard, the deposit did not amount to a payment. No money changed hands; the plaintiff received none, the defendant parted with none, and there was therefore none to be repaid in order to restore the parties to their original position. No showing was made that the defendant had improved the property or otherwise incurred expenses or placed himself at a disadvantage in any respect in reliance upon the contract. The case therefore presents the question, which this court has not heretofore been required to decide, whether in and of itself the fact that a proposed buyer has taken pos-

16—82 KAN.

session of real estate with the consent of the owner, upon the faith of an oral agreement for its purchase, so far avoids the effect of the statute of frauds as to justify a decree for the specific performance of the contract. The opinion in *Edwards v. Fry*, 9 Kan. 417, 423, includes the statement that delivery of possession will take a case out of the statute of frauds, but there the possession was in fact accompanied by the making of permanent improvements, and that circumstance was treated as a determining factor. In *Baldwin v. Baldwin*, 73 Kan. 39, 45, it was said that while the statement referred to is supported by the weight of authority, if the question were a new one the court would incline to hold that bare possession is not sufficient. The precise question involved is considered in an exhaustive note in 3 L. R. A., n. s., 790, which is supplemented by further citations in 8 L. R. A., n. s., 870. In the introductory portion of the note it is said:

"Whether possession, standing by itself, is enough to do away with the plain words of the act is a troublesome question, upon which there is considerable conflict of opinion, and apparently some confusion. . . . The rule that possession alone is sufficient to remove the bar of the statute appears to have sprung largely from *obiter* statements to that effect. In many cases in which the rule is announced other acts in part performance besides possession appear, although the courts seem to uphold the oral contract on the ground of possession alone. . . . The idea that one who had gone upon land under an oral contract might be driven off as a trespasser if he could not take refuge behind his agreement is the main support of the English doctrine of part performance, and of the rule that possession alone is sufficient to answer for the writing required by the statute. That it was necessary to break the statute to such an extent to shield the party in possession from the pains and penalties which might follow a trespass has been doubted. . . . In this country the courts have been swayed for the most part by the idea that it would be a shock to the conscience to allow one who had put another in a hard position to throw up his contract and get off under cover of the

statute.   The statute would thus be aiding and abetting fraud, which it was its design and purpose to prevent. Under the fraud theory, pure and simple, possession alone would not necessarily be a sufficient act of part performance to take an oral contract relating· to real estate out of the statute, since the party to whom possession had been delivered might be put back where he was before the contract, and no real loss be suffered by him as a result of the transaction."   (Pages 790, 791, 792.)

The argument in favor of what has been regarded as the general rule is thus outlined in volume 2 of the thirteenth edition of Story's Equity Jurisprudence, section 761:

"Nothing is to be considered as a part performance which does not put the party into a situation which is a fraud upon him unless the agreement is fully performed.   Thus, for instance, if upon a parol agreement a man is admitted into possession, he is made a trespasser, and is liable to answer as a trespasser, if there be no agreement valid in law or equity.   Now for the purpose of defending himself against a charge as a trespasser, and a suit to account for the profits in such a case, the evidence of a parol agreement would seem to be admissible for his protection; and if admissible for such a purpose there seems no reason why it should not be admissible throughout."

We do not think it follows that if proof of the existence of an oral agreement is admissible the contract itself must be capable of enforcement.   The statute does not make an oral contract for the sale of real estate illegal or void, nor does it forbid evidence thereof to be given for any purpose consistent with the statute. (*Ann Berta Lodge v. Leverton,* 42 Tex. 18; *Glass v. Hulbert,* 102 Mass. 24, 33, 34.)   The law, in letter and in spirit, is that no one shall be charged upon such a contract; that is, he shall not be compelled to perform it or to answer in damages for his refusal to do so. One party can recover nothing of the other on account of the loss of the fruits of his bargain, but no reason is apparent why if in reliance upon the agreement he

has incurred expense he may not assert a claim for reimbursement, not under the contract, but upon all the facts of the case. Such a practice was recognized in *Deisher v. Stein*, 34 Kan. 39, where it was said:

"Of course the case should not be taken out of the statute of frauds any further than is necessary to do justice and to prevent fraud; and to pay the plaintiff a fair compensation for what he has lost by reason of the parol agreement between the parties is probably sufficient for that purpose." (Page 42.)

The mere payment of money is not such part performance as upon this principle to take a contract out of the statute of frauds, because the recipient can be compelled to restore it. (26 A. & E. Encycl. of L. 54; 29 A. & E. Encycl. of L. 838; 20 Cyc. 297, 298; *Baldwin v. Squier*, 31 Kan. 283, 284.) The verbal agreement is not the basis of an action for that purpose, but evidence of its terms is often necessary to establish the implied contract upon which recovery is sought.

"In an action to recover upon an implied promise to pay for partial performance of a contract within the statute of frauds, the contract is admissible in evidence, not as being binding and conclusive as to the amount of recovery, but merely as a circumstance to be considered in estimating the value of what has been done." (29 A. & E. Encycl. of L. 842.)

The ground upon which a court, notwithstanding the statute of frauds, may compel the complete performance of an oral contract for the sale of real estate, which has been partly performed, is that such a decree may be necessary in order to avoid injustice toward one who in reliance upon the agreement has so altered his position that he can not otherwise be afforded adequate relief. His mere entry into possession with the consent of the owner does not in and of itself meet this condition. It does not make him a trespasser in fact, and a decree of specific performance is not necessary to protect him from liability as such. Nor does it in and of itself place him at any disadvantage or involve him in

any loss.  True, whenever he has made permanent improvements upon the property the courts are ready to order a conveyance, even although it might be possible to provide compensation in damages.  A sufficient reason for this is that alterations in the artificial features of real estate are so largely a matter of individual taste that the loss to their designer in being deprived of their benefit might not be adequately measured, either by the increased value of the property or by his expenditures in making them.  And whenever possession is taken under such circumstances that its relinquishment involves a disadvantage, apart from the mere loss of the benefits of the bargain, a case may be presented for equitable relief, dependent upon the special circumstances.  Nothing having been shown here beyond the bare fact of possession, we think the court erred in finding for the defendant.

A question is raised regarding the proof of title, but it is rendered immaterial by the fact that the defendant admitted deriving his possession from the plaintiff and justified it under the contract for the purchase of the property.  (*O'Brien v. Wetherell,* 14 Kan. 616; 10 A. & E. Encycl. of L. 501.)

The judgment is reversed and a new trial ordered.