No. 34,399

H. J. HENSON et al., *Appellants*, v. SCHOOL DISTRICT No. 92 in LINN COUNTY et al., *Appellees*.

(95 P. 2d 346)

Opinion filed November 10, 1939.

*Harry C. Blaker*, of Pleasanton, for the appellants.
*James W. Wallace*, of Mound City, for the appellees.

The opinion of the court was delivered by

HOCH, J.: This was an action to enjoin the board of directors of a school district from issuing bonds which had been voted at a special election. The trial court refused to grant the injunction, and plaintiffs appeal.

Appellants attack the legality of the election at which the bonds were voted. It is contended that the notice of the election and the proposition stated on the ballot did not clearly and fully inform the electors as to the object for which the election was called, and also that the petition submitted to the board was not legally "presented" as the statute provides. The statutes directly involved are sections 72-2001 and 72-2002, G. S. 1935.

The essential facts may be briefly stated. It was the intention of the board to erect a school building costing approximately $15,000. Of this amount, $9,150 was to be advanced by the federal government and $5,850 provided by the district. Negotiations relative to the federal grant had been carried on, but whether such grant was fully assured is immaterial to the issue here presented. In addition to the $5,850 to be provided by the district for the erection of the building itself, an additional $650 was to be provided for repairing and purchasing seats, making a total for the district of $6,500. A petition was circulated and signed, and in compliance with the petition the board called an election "upon the question of issuing the bonds of the district to the amount and for the purpose prayed for in said petition, namely, the sum of sixty-five hundred dollars, for the purpose of building and equipping a schoolhouse." Notices were duly posted as provided in the statute. On the ballots used it was stated that the proposition to be voted upon was as follows:

"SHALL THE FOLLOWING BE ADOPTED:

"Proposition to issue bonds in the sum of sixty-five hundred ($6,500) for the purpose of building and equipping a schoolhouse."

One hundred and twenty electors voted in favor of, and one hundred seventeen against, issuance of the bonds.

The question presented is whether in view of the fact that the erection of a school building to cost $15,000 was contemplated by the board, the posted notices and the ballot complied with G. S. 1935, 72-2002, which requires that the notices shall state "the object for which the election was called." It may here be noted that in its findings of fact the trial court expressed a doubt as to whether the

notices and the ballot met the legal requirements, and it was stated in the findings that "it might be wise and better to hold another election, or at least first find out if the state auditor would register these school bonds." And in conclusion of law No. 2 the court said:

"The court feels that the notice of said bond election and the ballot used in conducting the bond election were not as full and complete as the law contemplates, but in conjunction with the detailed statement furnished the electors by the school board, the court holds, as a matter of law, the electors in said school district No. 92, Linn county, Kansas, had legal notice and were fully advised of the proposition to be voted upon in this school-bond election, November 3, 1938."

The trouble with that conclusion of law is that the statute makes no provision for curing defects in the notices and the ballot by information otherwise furnished. No question is here raised as to the good faith of the board of directors, and the issuance of the circular to the electors, with its detailed statement to which the trial court referred, indicated a commendable desire on the part of the board to have the proposition fully understood. However, issuance of the circular to the electors was not compliance with the requirement of the statute, which is founded upon sound considerations. The electors are entitled to know from the notices and from the ballot just what they are voting upon. In the instant case, for instance, an elector may have heard none of the discussions which preceded the calling of the election; he may not have seen the circular with its full statement of the facts, and may have had no information whatever except what he secured from the notices and the ballot. He was entitled to rely upon what the notices and the ballot said. It would not suffice to say that an elector had no interest in knowing that a building costing more than twice the amount stated in the notices was to be erected because the added cost would impose no additional burden upon the district. There might be various reasons, including the additional cost of maintenance, which would influence his vote if he had known the facts. A situation essentially identical with the one here presented was considered by this court in the case of *Board of Education v. Powers*, 142 Kan. 664, 51 P. 2d 421. In that case bonds of the board of education of the city of El Dorado had been voted and issued for $198,500 "for the purpose of erecting a school building." The fact was that the erection of a building costing approximately $390,000 was contemplated, of which amount $162,343 was to be obtained from a federal grant. The court held that the election proclamation and the bonds issued in conformity

therewith did not comply with the statute. The arguments there advanced in support of the decision apply with equal force to the facts in this case. In the El Dorado case were cited prior decisions of this court, *Kansas Electric Power Co. v. City of Eureka*, 142 Kan. 117, 45 P. 2d 877, and *Leavenworth v. Wilson*, 69 Kan. 74, 76 Pac. 400, which are clearly in point here. The question was again before this court in *Kansas Utilities Co. v. City of Paola*, 148 Kan. 267, 80 P. 2d 1084, and the holding in the El Dorado and other prior cases followed.

We have examined the cases cited by appellee and find none of them inconsistent with the views heretofore expressed. In the case of *Drenning v. City of Topeka*, 148 Kan. 366, 81 P. 2d 720, in which the legal sufficiency of the ballot was attacked, the court found that there was no reasonable basis for saying that anyone reading the ballot would not fully understand the proposition that he was voting upon. Moreover, it was stated that the type of question raised might have been given more weight if raised at the time of the election or immediately thereafter, but that it should not be permitted to have any weight when rights of third persons had intervened and financial obligations had been incurred. In the case before us there is no allegation that the action was not timely brought. Reference was made in the opinion in the Drenning case to *Leavenworth v. Wilson* and *Kansas Utilities Co. v. City of Paola*, supra, and those cases specifically distinguished from the case being considered, and it was stated, "We do not care to detract from the holding in either of those cases."

Appellee contends that the El Dorado case is to be distinguished from the instant case on the ground that in the former the election proclamation and the ballot did not conform with the resolution of the board of education on which the proclamation was based, while in this case the notices and the ballot did conform with the petition which initiated the election. We do not consider the distinction substantial or persuasive. The proclamation and the ballot in the El Dorado case were not vitiated on the ground that they did not conform to the resolution. Nor is the insufficiency of the notices and the ballot in this case cured by the fact that they conformed to the petition presented to the board. The substance of the defect in both cases is that they do not clearly give to the electors the information to which they are entitled under the statute.

Appellants also contend that the petition which initiated the election was not legally "presented" as required by the statute. In view of the conclusions heretofore stated, it is unnecessary to examine that contention.

The judgment is reversed with instruction to grant the injunction.