No. 37,872

GLEN BYER, *Appellant*, v. RURAL HIGH SCHOOL DISTRICT No. 4 of Brown County, Kansas, and GLEN JONES, KARL HERN and ELIZ-ABETH·GILLISPIE, members of the Board of Rural High School District No. 4, Brown County, Kansas, *Appellees.*

(219 P. 2d 382)

Opinion filed June 10, 1950.

*Robert M. Finley,* of Hiawatha, argued the cause, and *Harry E. Miller,* of Hiawatha, was with him on the briefs for the appellant.

*Roy V. Nelson,* of Hiawatha, and *John S. Dean, Jr.,* of Topeka, argued the cause, and *Chester C. Ingels,* of Hiawatha, and *Melvin R. Quinlan,* of Topeka, were with them on the briefs for the appellees.

The opinion of the court was delivered by

THIELE, J.: This was an action to enjoin the issuance of school district bonds. Plaintiff appeals from an adverse judgment.

In his petition plaintiff alleged that he was a resident and taxpayer within the limits of the defendant Rural High-school District; that the district was organized in 1917 and the individual defendants were members of its school board; that the defendants threatened and were about to issue general obligation bonds of the district in the sum of $70,000, as the result of an election and to sell and dispose thereof, thereby creating an indebtedness of the district, and thereafter to levy a tax against the property of the plaintiff, burdening him with an unlawful tax; that the defendants claim authority to issue bonds by virtue of the Laws of Kansas of 1949, chapter 389 (Senate bill 228); that defendants caused notice of a bond election to be given, which notice, for present purposes may be said to have called an election on a fixed day upon the question of issuing general obligation bonds of the district in an amount not exceding $70,000 "for the purpose of providing funds to pay the cost of enlarging, remodeling and improving the high-school building, located at Reserve, Kan., in said school district"; that such notice was insufficient and invalid in that it did not clearly inform the electors that the purported school building was to be moved from its present location to a new site some three or four blocks distant; that the notices and the ballots used were insufficient in that they did not clearly inform the electors what purported high-school building was to be remodeled and improved and the location of said building, in that many electors were under the impression and led to believe by the insufficiency of the notices and ballots that the building to be enlarged, remodeled and improved was the school building used for conducting the classes of the rural high school which in fact was a building owned by Common School District No. 72 of Brown county and not the building contemplated to be enlarged, remodeled and improved by the rural high-school district. Plaintiff further alleged that the rural high-school district was not the owner of a schoolhouse in the district and for that reason was not entitled to call an election or issue bonds under the statute above mentioned; that the rural high-school district was the owner of lots 1 and 2, in block 9, in Reserve, but under its deed it had no fee simple title and the building on the lots had never been and was not being used as a schoolhouse, and that the district,

through its board, intended to move the building from its present location on the above lots at a cost of approximately $5,000, and that under the statute relied upon, proceeds of bonds could not be used for moving the purported building. Other allegations may be said to expand those mentioned. The prayer was for an injunction against issuance and disposal of the bonds.

Although not definitely disclosed, the record indicates that about the time the petition was filed and on June 27, 1949, a temporary injunction was issued.

The answer of the defendants contained some admissions not necessary to detail and a general denial of all other material allegations repugnant to the validity of the bond issue.

Trial was had upon an agreed statement of facts which is summarized as follows: Plaintiff is a resident and taxpayer within the limits of the defendant school district which was organized in 1917 and which operates a rural high school having about fifty pupils. In May, 1949, the district caused an election to be held for the purpose of issuing bonds not exceeding $70,000 for the purpose of providing funds to pay the cost of "enlarging, remodeling and improving the rural high-school building located at Reserve, Kan., in said school district"; that the election was held under authority of Laws 1949, chapter 389, and that the result was 125 for issuance of the bonds and 116 against such issuance. (Although not specifically included there is no contention but that the ballots used stated the proposition to be voted on in the language quoted above.) It was also agreed that the school district owned all of block 4 in the city of Reserve, under a general warranty deed, and that it had obtained title to lots 1 and 2, in block 9, in that city, under a quitclaim deed from the trustees of the Modern Woodmen of America Reserve Camp 3308, the deed being duly recorded in 1937, and as shown by a resolution of the Camp of March 7, 1949, copies of the deeds and resolution being attached. This last deed shows that the grantor reserved the right to use the building on the lots for specified purposes and that if the grantee should have no more use for the building the real estate should revert to the grantor. The resolution of 1949 was to the effect the grantee should have full title to the property with the right to use the building in any manner it might desire without any restrictions from Lodge No. 3308. There is no showing of any deed or other instrument of

writing carrying into effect the terms of the resolution, or that such deed or instrument was ever recorded in the office of the register of deeds. It was further agreed that there is a building on lots 1 and 2, in block 9, which had been used by the school district for the purpose of holding school dramatics and school athletics; that the building had also been used for community affairs with the consent of the school board, but that all high-school classes had been conducted in the grade-school building of Common School District No. 72 located in Reserve. And it was also agreed that the school board contemplated moving the building located on the lots in block 9, at a cost of approximately $2,000, about two blocks to the real estate owned by the district in block 4, the cost to be paid out of the proceeds of the sale of the bonds, and to enlarge, remodel and improve the building at its new location.

The trial court, having considered the agreed statement of facts and the argument of counsel, found generally in favor of the defendants; that the building on lots 1 and 2, block 9, in the city of Reserve, is being and has been used for school purposes; that the words "enlarging, remodeling and improving" as set out in Laws 1949, chapter 389, were broad enough to and included the moving and the right to remove the building on lots 1 and 2, block 9, to block 4, a distance of two blocks; that the temporary injunction of June 27, 1949, should be dissolved and a permanent injunction denied. It also found the ballot submitted to the voters conformed to the provisions of the bond statute, G. S. 1935, 10-120.

The plaintiff's motion for a new trial was denied and in due time he perfected his appeal.

On October 12, 1949, the appellant filed his abstract of the record. It did not contain any specification of errors as required by our rule 5 (see 166 Kan. p. XI for the rule). On March 8, 1950, appellant filed his brief which contained a clear statement of the questions involved on the appeal. On March 31, 1950, appellant filed his motion that he be permitted to amend and supplement his abstract by filing a specification of errors, which was allegedly inadvertently omitted. A copy of the proposed specification was made a part of the motion. This motion was allowed and the abstract was amended. Although the abstract had been on file for over five months, appellees made no objection thereto until they filed their brief in this court on April 6, 1950, in which they challenged appellant's right to be heard because of his failure to include in his abstract a specification

of errors as required by rule 5 and directed our attention to many of our decisions treating the question of failure to comply with the above rule. This court has considered the appellees' challenge, the decisions relied on by them, and the particular facts of this case insofar as the specification is concerned, as well also the fact that appellees seem not to have been prejudiced in any manner as they have filed a full answering brief to the contentions urged by appellant in his brief, and has concluded that the appeal should be considered.

Although other questions are proposed and discussed in the briefs of appellant and appellees, in our opinion all that need be considered is whether the notice of the bond election and the ballot used clearly stated the question submitted to the electors and whether the electors voted intelligently thereon. Although the sufficiency of a notice of election or the form of a ballot to adequately advise the electorate of the question submitted has been a subject treated in a considerable number of our decisions, it is to be borne in mind that each case has arisen under statute or circumstance so that each might be said to be distinguishable from the others, and that is true of the various decisions to which each party directs our attention and of others not cited. There can be no controversy but that the election notice and the ballot specified the question to be voted upon was, should the school district issue bonds in an amount not exceeding $70,000 "for the purpose of providing funds to pay the cost of enlarging, remodeling and improving the high-school building," nor is it arguable but that, standing alone, such statement of the question is unequivocal. But in view of the conceded fact that the moneys were not to be used for those purposes alone but that it was proposed by the school board that the building was to be moved from one site to another, the expense of moving to be paid out of bond proceeds, may it be said the question submitted was unequivocal?

In *Board of Education v. Powers*, 142 Kan. 664, 51 P. 2d 421, a writ of mandamus was sought to compel registration of bonds. There a board of education had adopted a resolution providing for erection of a school building at a total cost of $391,500, to be paid for by funds raised by the district and moneys to be received as a federal grant. The board submitted an otherwise unequivocal proposition to issue bonds for the sum of $198,500 for the purpose of erecting the school building, the notice of the election and the ballot containing no reference to the federal grant, as is disclosed

by the proposition submitted, set out in the opinion. The election carried but the state auditor refused registration for the reason the question submitted did not clearly state the proposed project for which the bonds were issued. In that opinion may be found an extended discussion of the question whether the election notice and the ballot clearly stated the substance of the proposition submitted, and a review of some of our decisions treating the question. Although reference is made to that opinion for a full statement of reasons, included therein is reference to the fact that the electorate were not advised by the proposition stated in the election notice and ballots that the funds from the bonds were to be used otherwise than for a building costing only $198,500 and were not advised it was proposed to erect a much more expensive building of which the bond proceeds were to pay only a part. This court there concluded that the proposition submitted to the electors did not clearly state the object for which the bonds were to be issued and that registration should be refused.

Appellant also directs our attention to *Kansas Utilities Co. v. City of Paola,* 148 Kan. 267, 80 P. 2d 1084. In that case the primary question was whether the proposition submitted and the ballots used were misleading and confusing in that more than one proposition was included in the question submitted. On that ground the case may be distinguished from that now before us, but it is nevertheless informative on the general principle that notices of election and election ballots must clearly state the proposition so that the electorate may intelligently vote on whether bonds are to be issued, the proceeds of which are to be used for particular purposes.

In *Henson v. School District,* 150 Kan. 610, 95 P. 2d 346, which was to enjoin issuance of bonds, we considered a situation quite like that considered in *Board of Education v. Powers,* supra. The school board expected to erect a building costing $15,000 to be paid for by a federal grant and bond proceeds. The proposition submitted was to issue bonds in the sum of $6,500 for the purpose of erecting a schoolhouse, no reference being made to total cost or federal grant. We held the election notice and ballots did not clearly inform the electors as to the question submitted.

*City of Coffeyville v. Robb,* 165 Kan. 219, 194 P. 2d 495, was to compel the state auditor to register bonds. In that case the relief sought was allowed, it being held there was nothing in the election notice or ballot which tended to mislead the voters.

In *Eastern Kansas Utilities, Inc., v. City of Paola*, 165 Kan. 558, 196 P. 2d 199, the action was to enjoin issuance of bonds, and the question now being discussed was under consideration there. Without reviewing all of the facts giving rise thereto, this court held:

"Our statutes pertaining to city elections to provide a municipal utility contemplate that the ordinance submitting the proposition to a popular vote, and the notice of election and the ballot, shall clearly state the question the electors are to vote upon, and where the proposition is so obscurely stated that the electors may be misled, the election is vitiated." (Syl. ¶ 1.)

Appellees seek to distinguish some of the decisions reviewed by pointing out that they dealt with either dual or equivocal propositions, and that the proposition as stated in the notice of election and the ballot in the instant case is not subject to such criticism, and they further contend that whether any part of the bond proceeds can be used to pay the cost of moving the building does not constitute a ground for enjoining issuance of the bonds; that appellant has not alleged his tax burden will be increased if the building is moved. (*Drenning v. City of Topeka*, 148 Kan. 366, 81 P. 2d 720) and that it is doubtful if the question of moving the building was ever properly before the court and cannot be treated as a basis for enjoining the issuance of the bonds.

In our opinion no elector of the school district who presented himself to vote in response to the election notice and who then received the ballot used and read it, would be advised that the proceeds of the bonds were to be used as the agreed statement of facts says they were to be used. It may fairly be assumed that an elector might be in favor of the bonds if he thought the building was to be improved at its present location, but would otherwise be in opposition; that another elector might be in favor of the bonds if he thought the building was to be improved at the removed location but would otherwise be in opposition; and that another voter might favor the bonds on the assumption the proceeds thereof would be spent wholly for the enlarging, remodeling and improving, but would oppose use of any such proceeds for paying removal costs. No one of the electorate was advised by the notice or ballot that it was proposed to move the building from one location to another and to pay the expense of removal out of the bond proceeds. Under the circumstances disclosed by the record it may not be said that each elector who voted in favor of the bonds did so on any common basis of what was to be done. By reason of the failure to fully

disclose the proposition being considered, it may hardly be said there was a majority vote on any one phase of it.

Inherent in the case is the question of the power of the school district to issue bonds, a part of the proceeds of which was to be used to pay for the removal of the schoolhouse from one site to another. In discussing this question we do not overlook appellees' contention that it was not properly before the court in an action to enjoin issuance of bonds, but would be properly raised in an action to enjoin wrongful appropriation of the bond proceeds. Whether that be correct need not be determined. The nature of the proceedings before us is such that a complete determination should be made of all issues. The statute under which the school district proceeded was Laws 1949, ch. 389, which provides for the issuance of bonds "for the purpose of raising funds to pay the cost of equipping, enlarging, remodeling, repairing and improving schoolhouses, and for the purchase, repairing and installation of equipment therein or therefor," as disclosed by the title of the act as well as by the declarations contained in the act. As has been stated, the trial court was of the opinion the words "enlarging, remodeling and improving" were broad enough to and included the moving of the schoolhouse. Appellees direct our attention to dictionary definitions and to authorities defining those words, but none of them go so far as to say that "removal" from one site to another is included. The language of the statute under which the school district is attempting to issue the bonds is to be read and considered in view of our long standing rule that municipalities cannot issue bonds unless the power to do so is conferred by legislative authority, either express or clearly implied, and any reasonable doubt as to the existence of such power is to be resolved against its existence (see *Kaw Valley Drainage Dist. v. Kansas City,* 119 Kan. 368, 239 Pac. 760, and *School District v. Robb,* 150 Kan. 402, 93 P. 2d 905, and cases cited). The statute provides for "equipping, enlarging, remodeling, repairing and improving" the schoolhouse and "the purchase, repair and installation of equipment therein." Certainly those words do not include removal of a schoolhouse from one site to another, and it may not be said there is any express authority. And when the details of the statutory language are considered, it may not be said it is clearly implied there is any such power. Were we in doubt as to whether the language conferred power on the school district to issue bonds to raise moneys to move the schoolhouse from one site to another, our conclusion would be the district was not given such power. We con-

clude however there is no doubt and that the district was without power under the statute relied on to issue bonds, the proceeds of which were to be used for the removal.

In our opinion, under the agreed facts, the proposition submitted to the electors under the notice of election given and the ballots used did not clearly state the proposed object for which the bonds were to be issued, but on the contrary failed to disclose the purpose for which the proceeds of the proposed bonds to be issued were to be used, and further, under the agreed statement that a part of such proceeds were to be used for an unauthorized purpose and that issuance of the bonds should be enjoined.

The judgment of the trial court is reversed and the cause remanded with instructions to render judgment in favor of the plaintiff.