FUOSS, Appellant v. VIK et al, Respondents

(122 N.W.2d 213)

(File No. 10061. Opinion filed June 25, 1963)

**Herman & Simpson,** Gregory, for Plaintiff and Appellant.

**C. D. Kell,** Murdo, **Woods, Fuller, Shultz & Smith,** Sioux Falls, for Defendants and Respondents.

BIEGELMEIER, J.

This is an action to enjoin defendant members of the Board of County Commissioners from selling bonds of $122,000 authorized by the electors to construct and equip a County Hospital, entering a contract with the State of South Dakota and the United States to procure federal matching funds and contracts for its construction. The last briefs were filed in May, the appeal argued May 28, 1963 and precedence given to its consideration on the suggestion of counsel that a public question was involved and the construction delayed pending the result. See Supreme Court Rule 50 of 1939, SDC 1960 Supp. 33.0504. It is not claimed either the petition for the election or the election was defective in any way; nor is there dispute the result of the vote was favorable to the issuance of the $122,000 bond issue. However, after the electors approved the bond issue, the lowest bid received for the construction was $150,000. The County Board then made application, through the Department of Health of South Dakota, for $110,000 of funds of the United States under the popularly called Hill-Burton Act, Public Law 725 of August 13, 1946, c. 958, 60 Stat. at Large 1040; 42 U.S.C.A. § 291 et seq. Plaintiff contends defendants have no authority to sell the $122,000 bond issue, make the request for federal funds and construct a hospital at a cost of $232,000 including those funds. Statutory provisions so far as here pertinent, are:

> SDC 1960 Supp. 27.1901 "The board of county commissioners * * * may establish * * * a county hospital * * * and may issue the bonds of the county * * * for the erection, equipment, and maintenance thereof * * *".

SDC 1960 Supp. 27.1902 provides when a verified petition for such purpose be presented to the Board and filed with the Auditor containing a required percentage of real property owners and electors, it shall be its duty to submit the question to the electors at an election held in the manner and upon the notice prescribed by law for county bond elections.

> SDC 1960 Supp. 12.2105: " * * * such county may issue its bonds * * * according to the pro-

visions of this chapter * * * only upon one of the following conditions * * *. Such petition * * * shall set forth clearly and distinctly the object or objects for which the bonds are to be issued, the amount of the bonds, the maximum rate of interest which they are to draw, and the time when they shall become due and payable, and shall further distinctly specify the proposition or propositions to be submitted to the electors. * * *"

SDC 1960 Supp. 12.2106: "* * * the notice of such election, as published, shall state the maximum amount of bonds to be issued and the purpose for which they are to be issued. * * *"

It then provides the form of the ballot. The petition requested the Board to submit and the ballot contained the question submitted as follows:

"Shall the County Commissioners of Jones County, South Dakota, issue $122,000.00 worth of Bonds, bearing not to exceed 5% interest, Maturing annually over a period not to exceed 15 years, and use such $122,000.00 to construct and equip a County Hospital in Jones County, South Dakota.

"Shall the above proposition be approved and bonds issued?

Yes——————
No——————"

Plaintiffs do not claim noncompliance with any statutory requirements up to and including the election and it must be conceded if the bid for construction had been within the $122,000 amount the Board could have proceeded to sell the bonds and constructed the hospital. Neither is it claimed the Board intended, before the election, to spend funds in excess of the authorized issue. However, because the lowest bid exceeded the amount authorized the Board decided to make application for the added funds from the federal government and if obtained to proceed with the construction. This distinguishes the case at bar from

some of the Kansas decisions, for in those the governing bodies planned and had determined before the election, to use funds to be obtained from the federal government and that fact was not indicated on the ballots. See Board of Education of City of El Dorado v. Powers, 142 Kan. 664, 51 P.2d 421; Robertson v. Kansas City, 143 Kan. 726, 56 P.2d 1032 and Drenning v. Board of Com'rs of City of Topeka, 148 Kan. 366, 81 P.2d 720, 117 A.L.R. 884, and note 892. While in Henson v. School Dist. No. 92, 150 Kan. 610, 95 P.2d 346 and Heller v. Rounkles, 171 Kan. 323, 232 P.2d 225, negotiations for cost sharing had taken place (in the opinion first cited the cost sharing had not been assured), the court indicates the entire cost or cost sharing agreement must clearly appear in the notice of election to clearly inform the voters of the whole proposed improvement, the funds applicable for payment and the amount of the bonds. These decisions were under a statute requiring the notice of election to state "the object for which the election was called" without further reference to details of its contents.

As indicated above, SDC 1960 Supp. 12.2105 first directs the petition set forth clearly and distinctly the object for which the bonds are to be issued; then the amount of the bonds, the maximum rate of interest they are to draw, the time they shall become due and payable and distinctly specify the proposition to be submitted to the voters; SDC 1960 Supp. 12.2106 directs the notice of election shall state the maximum amount of bonds to be issued, the purpose for which they are to be issued and the form of the ballot. Despite the fact the legislature had provided for the details noted, nowhere therein is there a requirement the cost of the improvement be stated. It is for the legislature to direct the method of holding elections and the court should not add requirements thereto.

There is a further reason why this result should be reached. Our statutes provide after a building bond issue shall have been carried by a vote of the electors, the county board is authorized to apply unexpended balances in certain funds to the building project in addition to the proceeds raised from the sale of such bonds. SDC 1960 Supp. 12.2302. Plaintiff's contentions are in conflict with the legislative intention as expressed in this section.

While neither party hereto cited the opinion, Duke v. Bruce Independent School District, 77 S.D. 568, 96 N.W.2d 172 supports this conclusion. There the school bond issue authorized $40,000 to construct a school building, the minimum cost of which was $55,000. The town of Bruce intended to appropriate $8,000 and this amount with voluntary contributions of others, was to make up the total of $55,000 to be spent by the school district. The trial court refused an injunction and this court affirmed. In effect the decision permitted construction of a building exceeding the proceeds of bonds authorized to be issued by the electors, the excess to be supplied from outside sources.

Finally, SDC 1960 Supp. 27.12A13 expressly authorizes counties to apply for federal funds to construct hospitals by stating: "Applications for hospital construction projects for which federal funds are requested * * * may be submitted by the state or any political subdivision thereof * * * authorized to construct and operate a hospital."

Affirmed.

All the Judges concur.