No. 44,509

HARRY W. WILSON, *Appellant*, v. JOHN W. DEER, JR., and RUTH DEER, *Appellees*.

(415 P. 2d 289)

Opinion filed June 11, 1966.

*Kenneth H. Foust* and *John O. Foust*, both of Iola, were on the brief for the appellant.

*Charles E. Henshall*, of Chanute, argued the cause and *Robert Pennington*, of Chanute, was with him on the brief for the appellees.

The opinion of the court was delivered by

PRICE, C. J.: This was an action by a farm laborer against his employers to recover for the loss of two fingers while operating a grain auger. Plaintiff has appealed from an order sustaining defendants' motion for summary judgment.

The petition alleged that plaintiff was employed by defendants to do general work and that he did such jobs as were assigned to him. On the day in question defendants employed plaintiff to recover wheat which had been spilled on the ground as the result of a wreck of a railroad car. He was directed to remove all wood splinters and other foreign substances from the wheat and was furnished a grain auger for the purpose of conveying the wheat from the ground to a truck. The auger was not equipped with any type of safety device. Because of defendants' failure to furnish plaintiff with safety equipment when feeding wheat into the auger plaintiff's hand got caught, resulting in the loss of two fingers.

Defendants' answer consisted of a general denial, and alleged contributory negligence and that plaintiff voluntarily assumed the risk involved.

The facts of the case are disclosed in plaintiff's deposition, taken on behalf of defendants.

This deposition disclosed that plaintiff was familiar with machinery, including augers, and that he had used them before; that he was familiar with the opening of the auger through which the wheat was introduced and that he placed the auger in the grain; that he knew where the opening of the auger was located and that he had augered grain before and knew that the wheat was being augered at the time and place in question; that he knew how the auger operated and that the opening thereof was wide open; that he knew the chief danger involved was working around the auger with no guards on it, and that he was willing to work around the auger with no guards on it while standing knee-deep in grain.

Following the taking of this deposition defendants filed a motion for summary judgment on the grounds plaintiff's own statements showed that defendants had not been guilty of any act of negligence and that they showed plaintiff to have been guilty of contributory negligence and that he had voluntarily assumed the risk involved.

In sustaining the motion the trial court commented that plaintiff's deposition showed that he knew all there was to know about the auger and knew as much about the risk involved as did defendants; that there was no defect in the auger, hidden or otherwise; that plaintiff knew that anything inserted into the open end would be caught and that he knew what he was doing when he undertook to do the work. The court concluded that the record absolved defendants of negligence and established that plaintiff assumed the risk of his employment, including the specific hazard of getting his fingers caught in the auger.

Rules applicable to actions by farm laborers injured in the course of their employment due to alleged defective and unsafe equipment furnished them by their employers—and relating to the doctrine of assumption of risk by the employee—have been dealt with in detail in three recent decisions. (*Blackmore v. Auer*, 187 Kan. 434, 357 P. 2d 765; *Anderson v. Cooper*, 192 Kan. 723, 391 P. 2d 86, and *Uhlrig v. Shortt*, 194 Kan. 68, 397 P. 2d 321), and there is no occasion to repeat what was there said. Measured by those rules it is clear that plaintiff's own testimony precluded his recovery. He made no objection to any part of his deposition and neither did he submit any opposing affidavits or request leave to file any documents in opposition to defendants' motion for summary judgment.

In considering the motion the trial court recognized the rule that a summary judgment is to be sustained only where the record shows there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law (*Brick v. City of Wichita,* 195 Kan. 206, 403 P. 2d 964; *Secrist v. Turley,* 196 Kan. 572, 412 P. 2d 976).

On the record presented there remained no genuine issue as to any material fact, and summary judgment was properly rendered.

The judgment is affirmed.