No. 46,593

Wayne Knapp, *Appellant*, v. Unified School District No. 449 of Leavenworth County, Kansas, Vernon C. Vaughn, Roy Alexander, Herman Sachse, Lester Abel, Charles D. Beltz, as members of said school board, James McCollam, as clerk of said board, *Appellees.*

(496 P. 2d 1400)

Opinion filed May 6, 1972.

*Leonard W. McAnarney*, of Lyndon, argued the cause, and *Joseph J. Dawes, Jr.*, of Leavenworth, was with him on the brief for the appellant.

*John S. Dean, Jr.*, of Topeka, argued the cause, and *W. Edward Nichols*, also of Topeka, and *Edward J. Chapman, Jr.*, of Leavenworth, were with him on the brief for the appellees.

The opinion of the court was delivered by

Fontron, J.: This action challenges the legality of a bond election held February 3, 1971, in which the voters of Unified School District No. 449, Leavenworth County, Kansas, approved a bond issue in the amount of $810,000 to pay the cost of acquiring a site, and erecting and equipping a high school building. The trial court sustained the district's oral motion for summary judgment and proceeded to enter judgment denying the plaintiff's prayer for an injunction. The parties herein will be referred to as plaintiff on the one hand and defendants or district on the other.

In a brief announcement issued April 19, 1972, and reported as *Knapp v. Unified School District*, 209 Kan. 236, 495 P. 2d 529, this court upheld the judgment of the trial court and we now file this more formal opinion amplifying the same.

The central issue in this case is whether the ballot presented to the voters at the bond election was legally sufficient. Omitting formal portions, the official ballot reads as follows:

"Shall Unified School District No. 449, Leavenworth County, State of Kansas, issue and sell General Obligation Bonds of said School District in the sum of not exceeding eight hundred ten thousand dollars ($810,000.00) for the purpose of providing funds to pay the cost of acquiring a site, and erecting and equipping a high school building within said Unified School District No. 449, Leavenworth County, State of Kansas under the authority of K. S. A. 72-6761; provided that the cost of the entire project shall not exceed $810,000.00 and provided that the amount of the bonds issued shall be reduced by any amount or amounts received from a grant or grants by the Federal Government pursuant to applications heretofore made through the Department of Health, Education, and Welfare?"

The plaintiff bases his case on the proposition that the ballot, as it is worded, does not present a clear and forthright picture of the bond proposal, as the law requires. He aims his artillery at the proviso which he now argues should contain information as to what applications the district had made for the allocation of federal funds or grants under the provisions of Public Law 85-620, § 101 (20 U. S. C. A. § 645, [8]) and in what amounts. He also contends that amounts received from federal grants allocated by the Department of Health, Education and Welfare under the foregoing act cannot be used in paying off bonded indebtedness. For these reasons the plaintiff would have us hold that the ballot is misleading and the election void.

We are well aware of the authorities cited by the plaintiff and of the rule which obtains in this jurisdiction that where a special proposition is submitted to a vote of the people, the ballot must clearly state the substance of the proposition, to the end that the voters will not be misled thereby. (*Kansas Electric Power Co. v. City of Eureka*, 142 Kan. 117, 45 P. 2d 877; *Wycoff v. Board of County Commissioners*, 189 Kan. 557, 370 P. 2d 138.) This salutary rule has been applied in a number of cases involving school bond elections. In *Board of Education v. Powers*, 142 Kan. 664, 51 P. 2d 421, *Henson v. School District*, 150 Kan. 610, 95 P. 2d 346, *Heller v. Rounkles*, 171 Kan. 323, 232 P. 2d 225, and *Unified School District v. Hedrick*, 203 Kan. 478, 454 P. 2d 536, various bond proposals were held to be defective where they failed to apprise the voters of the total cost of the contemplated improvements and of the fact that funds derived from other sources—notably federal grants—would be added to the proceeds from the bonds to assist in financing the entire cost of the building program.

However, we cannot agree that the proposal submitted to the voters in the instant case violates the rule fashioned by our former

decisions. The voter will know, if he reads his ballot, that the entire cost of the project will not exceed $810,000. He knows also that the amount of bonds to be issued cannot exceed $810,000, but that if grants are received from the federal government, pursuant to applications already made, the amount of bonds issued will be reduced by the amount of the grants. Such is the sense of the stated proposal and we find it difficult to understand how it would mislead or mystify a literate Leavenworth voter.

The plaintiff places a good deal of emphasis on his allegation that grants in aid of education obtained through applications made to H. E. W. cannot be used to pay off or reduce bonded indebtedness. The defendants tend to dispute the accuracy of such assertion, but we are not at this time disposed to attempt a construction of the federal act in such respect. The proposal put to the voter does not imply that amounts received from federal grants will be used to pay off bonds which have been issued; the proposal, as we read it, is that if grants are received they will be used to reduce the amount of bonds which would otherwise be issued.

When the case was argued on April 6, 1972, we were advised no federal funds had been made available to the district up to that time, even though applications for federal grants had been pending for a number of years. There is nothing in the record, however, to suggest that should federal grants become available to the district before bonds are issued, that the district board would not use the same to reduce the amount of bonds which the district would issue.

The plaintiff also complains that the trial court entered summary judgment prematurely, thus precluding him from conducting essential discovery procedures. We believe this complaint lacks merit.

On March 9, 1971, the plaintiff filed interrogatories to be answered by the defendants. On March 18 the court held a hearing with all parties present. On this occasion the plaintiff filed a written motion for summary judgment. The record discloses that as of that date the defendants' answers to the interrogatories had not been filed, and, although they were dated March 18, they were not filed until the following day. At the conclusion of the March 18 hearing, defendants made an oral motion for summary judgment and both sides were given until March 29 to file briefs.

Summary judgment was entered April 8 on the defendants' oral motion and the plaintiff's written motion was overruled. Both the memorandum opinion and the journal entry makes it clear that the

court considered the defendants' answers to plaintiff's interrogatories, as well as the pleadings and briefs, in arriving at its judgment. Hence, the plaintiff has no cause to complain so far as this phase of his discovery is concerned.

Although the record shows no request by plaintiff on March 18 for additional time to conduct further discovery, we find that on April 5, 1971, he did file additional interrogatories for the defendants to answer. These interrogatories had not been answered when the court entered summary judgment. However, when the trial court ruled on the plaintiff's motion for new trial, it concluded that no material facts were in dispute and that the second set of interrogatories were not designed to produce any additional information which would be material to the issues raised in plaintiff's petition.

We agree with the trial court's position. Most of the information requested in the second set of interrogatories was already before the court from answers given in response to the first set, and nothing further in the way of information was called for which, in our opinion, would bear in a material way on any disputed issue of fact. Where no genuine issue of material fact exists, it is proper for the trial court to enter summary judgment pursuant to the provisions of K. S. A. 60-256. (*Evans v. Lynch*, 200 Kan. 331, 436 P. 2d 867; *Hastain v. Greenbaum*, 205 Kan. 475, 470 P. 2d 741.)

The plaintiff suggests it was improper to enter summary judgment on oral motion. This position is not tenable. In *City of Ulysses v. Neidert*, 196 Kan. 169, 409 P. 2d 800, this court upheld a summary judgment entered on verbal motion. Moreover, we have said that a summary judgment may be entered on the court's own motion where no genuine issue of material fact has been found to exist. (*Green v. Kaesler-Allen Lumber Co.*, 197 Kan. 788, 420 P. 2d 1019.) And finally, the plaintiff was placed at no disadvantage by the motion having been oral, inasmuch as he was given time to file a brief.

We find no error in the court below and the judgment is affirmed.